Brault et ux. v. Howard.

---

PROSPER BRAULT AND VIRGINIA HIS WIFE, Respondents, *v.* LOUIS HOWARD, Appellant.

*Limitations—Covenant—Action accrued.*—H. purchased K's interest in land, and made an agreement under seal with K. in which it was stipulated that H. was to proceed to have partition made of the land, and that after partition each party should select an appraiser to value the interest in the land sold by K. to H., and that if the appraisers thus selected could not agree they should

select a third, whose decision should be final; and that H. should pay K. the value over $600, and K. should pay H the appraised value under $600. *Held*, that as the agreement did not impose upon either party the initiative no cause of action arose until a demand and refusal to appoint an appraiser, and that the statute of limitations would begin to run only from the time of such demand and refusal; and that by the statute R. C. 1845 the action would be barred by the lapse of ten years from such breach of the covenant.

## *Appeal from St. Louis Court of Common Pleas.*

This suit arises under a bond given by defendant to Virginia Brault (then King), the plaintiff, and dated 28th August, 1846, whereby it was stipulated between them that Howard bought of his sister, said Virginia King, her interest in a lot, whereof they with others were tenants in common as heirs of their mother, Genevieve Howard. Howard paid her then $600 for this interest, and it was agreed between them that when partition should be made of the said property between the heirs of said Genevieve according to law, that appraisers should be mutually chosen, and said Louis Howard was to pay said Virginia the surplus of such appraisement if it should exceed $600, and she was to repay the difference if it were less.

A partition was made in June, 1847. Virginia King instituted her suit of partition, but, that being decided against her, she appealed, and here the judgment was affirmed—King v. Howard, 27 Mo. 21. She then instituted the present suit to attain the same end by damages. In the court below she recovered a judgment for $142.04. The old suit was determined at the March term, 1858, and the present suit was instituted 17th March, 1863.

The court refused the following instructions asked by defendant:

1. If the jury believe from the evidence that partition of the property was made among the heirs of Virginia Howard, then plaintiff's cause of action in this suit accrued from the date of the knowledge by Virginia Brault, plaintiff, of such partition; and unless the jury believe from the evidence that this suit has been instituted within ten years from the date

Brault et ux. v. Howard.

she so had knowledge of the partition, then the jury will find for the defendant.

2. The jury are instructed that unless they believe from the evidence that plaintiff's cause of action has accrued within ten years before the commencement of this suit, they will find for defendant.

To the refusal of the court to give these instructions, defendant there excepted.

*Garesché & Mead*, for appellant.

The instructions asked for by defendant in regard to limitations should have been given—R. C. 1845, p. 716, § 1; ib. 721, § 16; Maeder v. Carondelet, 26 Mo. 115.

*P. C. Morehead*, for respondents.

There was no limitation in such cases up to 1855. When this bond was made, the limitation act of 1845 was in force—26 Mo. 112; 27 Mo. 21. On any construction, the statute of limitations did not commence till 1854, when demand was made.

WAGNER, Judge, delivered the opinion of the court.

The contract under seal entered into between the parties in August, 1846, required the appellant to procure partition of the premises conveyed. No particular time was specified or designated in which the partition was to be proceeded with and obtained, but the law would imply that it should be done within a reasonable time.

It seems a good and valid partition was had in 1847, and unquestionably this was a sufficient compliance with the requirement of the contract. Upon partition being made, each party was to select a person to appraise the value of the share allotted to respondents; and if the appraisers so chosen could not agree in their judgment, they were to select a third person, whose decision should be final. The covenant of agreement did not devolve the duty of taking the initiative in selecting the appraisers or arbitrators on either party, and on

the partition being completed either party had the right to proceed and require the selection to be made; and in case of default, refusal or neglect by the other party to comply, a breach would result and a right of action accrue; and from the time of this breach, the statute of limitations (under the act of 1845, which is applicable to this case) would begin to run, and after a lapse of ten years create a complete bar.

But the record does not show that any breach occurred, or right of action accrued, at a time sufficiently remote to preclude the respondent from bringing her suit, or bar her action by reason of the statute of limitations, according to the views above announced.

The judgment is therefore affirmed. The other judges concur.

Motion for rehearing overruled.