————o————

STATE TO USE OF J. GOODWIN, Appellant, *vs.* WM. WILLIAMSON, *et al.*, Respondents.

1. *Judgment—Transcript of—Suit upon—Original writ—Mode of service, etc.* —In suit brought in this State, on a judgment given in the State of Virginia, the transcript is not rendered inadmissible by reason of the fact that the original writ of summons as shown thereon, was not under seal; and where service of that writ purported to have been made upon the wife of the defendant, at his residence, he not being found at his usual place of abode, etc., the transcript is not inadmissible under a fair construction of the laws of Virginia on account of its failure to show that she was a free white person, nor was it objectionable, as failing to show, that the writ was served at defendant's usual place of abode, or that service was made in the officer's bailiwick.

It cannot be presumed against the judgment of a court of general jurisdiction, that service was made by an officer of the court outside of the county. At least, such cannot be presumed to be the case in a collateral proceeding.

2. *Evidence—Volume of laws—Certificate of Secretary of State, etc.*—The certificate of the Secretary of State of Virginia, attesting a certain volume of the laws of that commonwealth, stated the title of the book to be "The Code of Virginia," etc., " published pursuant to law."  * *  Certificate held to show sufficiently that the volume was published by the authority of the State of Virginia.

*Appeal from St. Clair Circuit Court.*

*Burdett & Smith*, for Appellant.

*Shields and Johnson*, for Respondents.

VORIES, Judge, delivered the opinion of the court.

This action was founded on a bond executed by the defendant, William Williamson, as the sheriff of St. Clair county, and by the other defendants as the sureties of Williamson on said bond.

The petition charged the execution of the bond by said sheriff in the sum of five thousand dollars, in the usual form, payable to the State, and that the other defendants were his sureties. The breach of the bond stated in the petition was substantially as follows : That the relator had, on the 17th day of June, 1870, recovered a judgment in the County Court of Botetourt county, State of Virginia, for the sum of $620.93, with interest and costs, etc., which judgment was recovered against one William P. Bucks; that afterwards, on the 12th day of September, 1870, the said judgment still being unpaid, the relator commenced an action in the St. Clair Circuit Court in the State of Missouri ; that said action was founded on, and to recover the amount of said judgment so recovered in Botetourt county, in the State of Virginia, and was commenced against said Bucks by way of attachment, which was duly issued against the property of said Bucks; that said writ of attachment so issued in said cause, was on the day of the issue thereof, placed in the hands of defendant Williamson, as such sheriff of St. Clair county, to be by him

served and executed according to law; that at the time said writ was so delivered to said Williamson, and for a long time thereafter the said Bucks was the owner of a large tract of land in St. Clair county, Missouri, subject to be levied on by said writ; that at the time said writ of attachment was so delivered to said sheriff, relator caused a written description of said lands to be delivered to said sheriff, with directions to said sheriff to seize and levy on said lands by virtue of said writ; that said sheriff had wholly failed and neglected to levy upon or seize said lands by virtue of said writ, but had retained said writ in his hands until long after the term of his office had expired, failing either to levy the same or deliver it to his successor in office, or to proceed under the same in any manner whatever, until after the said Bucks had sold the land so owned by him in said county to an innocent purchaser, after which said writ was returned unexecuted; and the said Bucks having no other property out of which the debt could be made, the same became wholly lost to relator, etc.

The defendants by their answer admit that the relator commenced an action in the St. Clair Circuit Court, as charged, and that the attachment was issued therein against the said Bucks and his property, which was placed in the hands of defendant Williamson, as sheriff, with a memorandum of the lands upon which it was to be levied as charged in the petition.

The answer then alleges that immediately after the attachment was received by Williamson, he made a memorandum of a levy to be made on the lands of Bucks in his county, as described in the paper handed him with the writ, but that before said levy was indorsed on the writ of attachment, and on the same day that the writ was received by said sheriff, he was directed by one E. J. Smith, who was one of the attorneys of record for the said relator in that suit, to hold the attachment and do no more in regard to the same until further ordered so to do; that no further orders were given him in reference to said writ, by the relator or his attorneys, during the remainder of the official term of said sheriff; that on

State to use v. Williamson, et al.

or about the 23rd day of February, 1871, after the said Williamson had ceased to be sheriff of St. Clair County, said E. J. Smith, the attorney of the relator, requested said Williamson to enter said levy—a memorandum of which had been made as aforesaid—upon said writ as of the date on which said writ had come to his hands, to-wit: September 12th, 1870, and a memorandum of the levy made, and that an abstract of the same be returned to the recorder of said county; that on the same day, before the said Williamson was able to have the same indorsed on said writ or said abstract filed, the said attorney Smith requested Williamson to deliver said writ and the petition therewith to him—which was accordingly done. The answer then denies that Williamson ever refused or neglected to levy the writ or make and file the abstract thereof as charged, but he states that the same would have been done but for the orders of said Smith. The other material allegations of the petition were denied by the answer. A replication was filed by the plaintiff, putting in issue the new matter set up in the answer.

A trial of the cause was commenced before a jury, and the plaintiff on his part offered to read in evidence a transcript of a judgment and proceedings had in the County Court of Botetourt County, Virginia, in the case of John Goodwin against William P. Bucks, and in connection with said transcript and in support thereof, the plaintiff also offered in evidence certain certified transcripts or copies of certain acts of the General Assembly of the State of Virginia, certified by the Secretary of the State of Missouri; to the reading of all which in evidence, the defendants objected for the following reasons:

1st. Because there is no seal to the writ.

2nd. Because it does not show when or where it was served, and does not show that the wife of Bucks is a free white person, nor that it was served at his usual place of abode, nor that it was in the officer's bailiwick.

3rd. Because the record does not show that there was any court held at the time judgment was rendered, to-wit: the

7th of June, 1870, and there is no *consideratum est* therefor at the time judgment purports to have been rendered, and no definite or fixed amount rendered in the pretended judgment.

4th. Because there was no service on W. P. Bucks by the sheriff or sergeant of Botetourt Co., Virginia.

The objection made to the introduction of the certified copies of the law, is: because there was nothing to show that they were printed by the authority of the State of Virginia. The court overruled the objection of the defendants to copies of the law of Virginia and they were admitted, but sustained the objections made to the certified transcript of the judgment and proceedings in the County Court of Botetourt County, Virginia, and excluded the same from the evidence in the cause. To this ruling of the court the plaintiff excepted and took a non-suit with leave to move to set the same aside. A motion was made to set aside the non-suit, which was overruled by the court and final judgment rendered; from which the plaintiff has appealed to this court.

The only real question to be examined by this court in the consideration of this case, is, as to the propriety of the ruling of the Circuit Court, in excluding the transcript of the judgment rendered by the County Court of Botetourt County, State of Virginia, from the evidence offered in the cause. It will therefore be necessary to notice the objections made by the defendants to the introduction of said transcript in evidence.

The first objection to the transcript is, that the writ of summons appearing in the record, and which purports to have been served on the defendant, is not under seal. This may or may not be an irregularity depending on the laws of the State of Virginia; but if an irregularity, the judgment would not be void for that reason, so as to be held so, at least in this collateral way. The courts of Virginia, we must presume, know more about their laws and the force and forms of their process, than we can in this State. (Martin vs. Barron, 37 Mo., 301.)

The second objection to the record is, that it is not shown that the wife of Bucks is a free white person, nor that the writ was served at his usual place of abode, nor that it was in the officer's bailiwick. The return on the summons, as it appears on the record, is as follows:

"January 27th, 1870.

Executed on Wm. P. Bucks at his residence, by delivering and explaining to his wife an office copy of the within summons, he not being found at his usual place of abode at the time of service.

H. R. BURGER, D. S., for
JOSEPH E. JOHNSON, S. B. C.

The statute of Virginia, read in evidence in reference to the service of process reads as follows:

"Section 6. Any summons or *scire facias* against any person, may be served as a notice is served under the first section of chapter one hundred and sixty-seven, to whom the clerk issuing such process, unless otherwise directed, shall deliver or transmit therewith as many copies thereof as there are persons named therein on whom it is to be served. No judgment by default on a *scire facias* or summons shall be valid if it becomes final within one month after the service of such process."

The first section of chapter 167 reads: "1st. A notice, no particular mode of serving which is prescribed, may be served by delivering a copy thereof in writing to the party in person, or if he be not found at his usual place of abode, by delivering such copy, and giving information of its purport to his wife or any white person found there, who is a member of his family and above the age of sixteen years, or if neither he or his wife, nor any such white person be found there, by leaving such copy posted at the front door of said place of abode, etc."

It is insisted by the defendant that the service of the summons appearing in this transcript is not sufficient to give the court jurisdiction of the defendant; that the service does not show that the wife of the defendant was a white member of

the defendant's family over the age of sixteen years, or that the service was made at the defendant's usual place of abode. It will be seen that the law requires the service to be made on the wife, or any white member of the family, etc. If the service is made on the wife in the manner pointed out by the law, I think it is not required by a fair construction of the law, that it should be stated that she is a white member of the defendant's family. If she is his wife it is sufficient, but if it is on any other member of the family, the fact should be stated in the return that such person is a white member of the family over the age of sixteen years. I think that the fact sufficiently appears that the service was made at the defendant's usual place of abode.

But it is further contended that the return does not show that the service was made in Botetourt county. It cannot be presumed against the judgment of a court of general jurisdiction, that the service was made by an officer of the court outside of his county. At least this could not be assumed in a collateral way. In the case of Wilson vs. Jackson's Adm'r, 10 Mo., 329; the return on the writ was simply, "executed," and it was held to be sufficient, when brought in question in a collateral proceeding. The learned judge who delivered the opinion of the court in that case, uses the following language: "Were we to assume however, that the validity of this return was to be tried by the laws of this State, and not by the laws and usages of the State of Virginia, we are not prepared to say that such return would render the judgment of a court of this State void, when called in question by a suit upon that judgment, or in any collateral proceeding. The question in such case would be, had the party personal notice of suit, or was the writ served upon the person of the defendant, and the question is not upon the sufficiency or insufficiency of the sheriff's return. A writ of *capias* can only be executed by a compliance with its mandate, and the term "executed" can mean nothing more or less than that the officer had complied with the mandates of the writ. It is true he ought to show in what manner he has

performed this duty, and if his return does not so show how he has executed the writ, it may be quashed. But the legality or illegality of the sheriff's return does not affect the question of jurisdiction. If enough appears from the return to authorize an inference of personal service of the writ, it is a sufficient warrant for the court to proceed, and when those proceedings terminate in a judgment, and that judgment remains unreversed, it is but right to presume every thing in favor of the jurisdiction of the court, if the vagueness of the record leaves any thing at all to presumption."

The above quoted reasoning would seem to dispose of the objection that the return did not show the place of service, and the return does show the time of service. See also Martin v. Barron above referred to; also 16 Mo. 102, 1st Smith's Lead. Cas. 1001, *et seq.*, and cases cited.

In reference to the third ground of objection made by the defendants, it is sufficient to say that it does appear by the record that a court was held at the time judgment was rendered in the cause, and the judgment is entirely sufficient in form.

The only remaining point of objection made by the defendant to the record offered in evidence is, that the return of the sheriff is signed by the name of the deputy sheriff for the sheriff, in place of being signed first by the name of the sheriff by his deputy. This objection is extremely technical, particularly when presented in a collateral proceeding; and it is sufficient to say that this form of subscribing service by the sheriff, when done by a deputy, seems to be the form used and recognized in the courts of the State of Virginia, where no question is made as to its sufficiency. (Rucker vs. Harrison, 6 Mum., 181.)

We are of opinion that the transcript offered in evidence was sufficient, at least in a collateral proceeding, and that it should have been received in evidence.

But it is further contended by the defendants in this court, that the certified copies of the laws of Virginia were improperly admitted, and although that error is not directly brought

before the court in this proceeding, yet if the court can see that the evidence was improperly admitted, and that the record of the judgment could not have been admitted without the admission of these laws, and that no recovery could have been had, it will then appear that the judgment is for the right party and will not be reversed.

The objection made to the introduction of these laws is, that there is nothing in the certificate of the Secretary of the State to show that they were printed by the authority of the State of Virginia. The title page of the book from which the law is taken is stated in the certificate of the Secretary of State to be as follows: "The Code of Virginia, second edition, including legislation to the year 1860, published pursuant to law. Richmond. Printed by Ritchey, Dunnarant, & Co., 1860.

It seems to me that when a book is published *pursuant* to the laws of Virginia it must purport to be done by the authority of the State. So there seems to be nothing in the objection to certificate.

The judgment is reversed and the cause remanded; the other judges concur.