Huxley v. Harrold.

PHILANDER A. HUXLEY, Defendant in Error, vs. ALBERT G. HARROLD, Plaintiff in Error.

1. *Attachment, levy of, on real estate—Writ from another county—Filing abstract—Sess. Acts* 1863-4, *p.* 7.—Prior to the act approved Feb. 11th, 1864 (Sess. Acts 1863–4, p. 7), it was not necessary for a sheriff, levying an attachment on a writ coming from another county, to file an abstract of his levy in the Recorder's office of his county.

2. *Attachment, levy of, on real estate—Notice to tenants—Sheriff's return.*— The sheriff's return of a levy of attachment on real estate need not state the notice to tenants, or that there were no tenants on the land. The statutory notice to tenants is not simultaneous with the act of levying the writ. (Lackey vs. Seibert, 23 Mo., 85 ; Durossett's Adm'r vs. Hale, 38 Mo. 346.)

3. *Judgments—Attachment—Defendant. appearance of—Land levied on in an another county.*—When a suit is instituted by attachment, and the defendant appears and defends, a general judgment is the only one authorized by the statute (Wagn. Stat., 189, § 40), and it need not recite any judgment lien, and the status of the case is not altered by reason of the land being in another county.

4. *Sheriff's deed—Acknowledgment of, before the judge.*—The acknowledgment of a sheriff's deed is good which states "on the —— day before the Judge of the circuit court within and for the —— county aforesaid, in court judicially sitting, appeared," etc.. (McClure vs. McClurg, 53 Mo. 173.)

5. *Attachment—Execution, sale under—What title passes.*—A sale under an execution on a suit brought by attachment conveys the title of the debtor, legal or equitable, to the land, discharged of all incumbrances created by him subsequent to the levy of the writ of attachment. [Wagn. Stat., 184, § 18 ; Lackey vs. Seibert, *supra ;* Ensworth vs. King, 50 Mo. 477.]

6. *Practice, civil—Suits where to be brought—Real estate—Statute, construction of.*—The statute (R C., 1855, p. 1221, § 3) directing that suits affecting real estate shall be brought in the county, where the land or a part thereof is situated, refers to suits in equity, ejectment and the like, and not to attachment suits.

7. *Practice, civil—Attachment, suit by, where to be brought—Statute, construction of.*—Under the revised code of 1855, (p. 1221, § 2 ; p. 244, § 20) suits by attachment could be brought in any county where the defendant had property, real or personal, and separate writs might issue to other counties in which he had property.

8. *Presumption—Courts of general jurisdiction—Acts collaterally called in question.*—Where the records of courts of general and common law jurisdiction are silent, and nothing is apparent thereon showing absence or lack of jurisdiction ; jurisdiction will be presumed as a matter of law when collaterally called in question.

*Error to Andrew Circuit Court.*

*Doniphan & Baldwin, with W. S. Greenlee,* ·for Plaintiff in Error.

The sheriff's deed was inadmissible, because there was no record introduced upon which to found it, and it was not properly acknowledged. (Wagn. Stat., 612, § 56.) There being no proper record in Andrew county, the deed could not be evidence of title to this land, unless supported by the whole record. (Samuels vs. Sheldon, 48 Mo., 444.)

The deed undertook to show that an attachment had been issued in 1864, and levied on this land, but the execution did not show it nor did the judgment so state. (35 Mo., 239 ; 36 Mo., 115.)

II. The judgment and execution were general and did not pretend to affix any lien of attachment, and the sheriff had no authority to so set out in his deed.

III. The mortgage to Wells, the sale under it, and deed to Nelson, were all before the judgment and sale. (Davis vs. Ownby, 14 Mo., 170; Valentine vs. Havener, 20 Mo,, 133 ; Reed vs. Ownby and Guy, 44 Mo., 204.)

IV. By the act of Feb. 11, 1864, an abstract of all attachments was to be filed in the recorder's office where the real estate is situated. By limitation of the act it was not to go into force until April 1st, 1864, yet it was evidently intended to protect innocent purchasers, and all writs of attachment should be recorded, after that time, to carry out the provisions of the law. It was in full force on the 18th of March, 1864, but it gave until April 1st. to file such an abstract.

V. The attachment could only effect the equity then had, and not the legal title afterwards acquired. (31 Me., 177 ; Drake Attach., § 234 ; 32 Mo., 512.)

VI. In order to retain the lien from the date of levy, it is necessary to have a special as well as a general judgment enforcing the lien, when the land is in another county.

VII. The return of the sheriff of Andrew county failed to show any notice to the tenant—or return there was no tenant—and could not constitute a valid attachment. (R. C. 1855, p. 244, § 22.)

VIII. By sec. 2, p. 1221, of statute of 1855, suits of attachment must be brought in the county where the land lies. This act was passed Dec. 12th, 1855, and must be held as construing the 20th section of the attachment law (R. C. 1855, p. 244), which was approved Dec. 8th, 1855. If the law is construed to apply to personal property, then both sections can stand; otherwise the 20th section (p. 244) must give way to the positive terms of the 2nd and 3d sections (p. 1221).

Section 3 of 1855 is imperative as to when suit shall be brought.

In case there had been land in Buchanan county, a writ could have issued to another county, but there is no evidence that Hartzell ever had real property in Buchanan county.

*Allen H. Vories*, for Defendant in Error.

I. The act of Feb. 11, 1864, taking effect April 1st, 1864, was the first legislation of this State, requiring the abstract of the levy of attachment to be filed.

II. This levy of the attachment created a lien upon the land in controversy from the moment of the levy, and a sale, under the execution issued upon this judgment, relates back to the levy and passes the title to the plaintiff, unaffected by any incumbrances created, or conveyances made, subsequent to such levy. (Davenport vs. Lacon, 17 Conn., 278; Shacklett vs. Glyde's appeal, 14 Pa. St., 326; Zeizenhager vs. Doe, 1 Ind., 296; Pierson vs. Robb, 4 Ills,, Scam., 389; Lyon vs. Sandford, 5 Conn., 544; Harrold vs. Feet, 5 Iowa, 141; Franklin F. Ins. Co. vs. West, 8 Watts. & S., 350; Taylor vs. Mixten, 11 Pick., 341; Scott vs. Manchester, 44 N. H., 507; Porter vs. Champion, 5 Conn., 544; Bradley vs. French, 28 Vt., 546; Emmerson vs. Upton, 9 Pick., 168; Morton vs. Dryden, 6 Ill. [Gill.], 187; Henry vs. Mitchell, 32 Mo., 512; Ensworth vs. King, 30 Mo., 477; Lackey vs. Seibert, 23 Mo., 85; Crittenden vs. Legerdofer, 35 Mo., 239; Foster vs. Patton, 37 Mo., 525; Durossett vs. Hale, 38 Mo., 346; Hardin vs. Lee, 51 Mo., 241.)

Huxley v. Harrold.

III. The failure of the sheriff to notify the tenants, if any there were, could not affect the plaintiff's title. (Lackey vs. Seibert, 23 Mo., 94; Durossett vs. Hale, 38 Mo., 346.)

SHERWOOD, Judge, delivered the opinion of the court.

Ejectment for land in Andrew county. Conrad Hartzell is the common scource of title. Plaintiff claims under a sheriff's deed, based on an attachment proceeding instituted by himself against Hartzell in the Buchanan Common Pleas on the 18th of March, 1864. This deed bears date December 12th, 1872, and recites a general judgment recovered by Huxley against Hartzell, in the Buchanan circuit court, May 21st, 1872, and execution issued thereon, October the 3rd. of that year, and a sale thereunder to plaintiff on the 7th of December next thereafter. Plaintiff at the trial produced evidence tending to show title from the United States to one Wykoff, and from the latter to Hartzell by deed delivered in May, 1866, when $800, the remaining purchase money, was paid. Hartzell, having in 1861 paid $1000, received a title bond and entered into possession of the premises in controversy.

The defendant, who is the tenant of one Cole, introduced evidence having a tendency to show title in the latter, by means of a mortgage deed dated in June, 1870, executed by Hartzell to Wells, a sale under the power contained in the mortgage, and a deed made by Wells to Nelson, in execution of the power, in January, 1872, a deed from the latter, in the same month, to one John Cole, and a deed from the latter, made in April, 1872, to L. G. A. Cole, the landlord of defendant. Evidence was also introduced, tending to show good faith and no knowledge by either Wells, Nelson, or the Coles, of any incumbrance, or attachment lien, on the premises in dispute.

The cause was tried by the court, without a jury; no declarations of law were asked, and the finding was for the plaintiff. This case therefore depends solely upon the sufficiency of the attachment proceedings instituted against Hartzell.

## I.

Prior to the act approved, February 11, 1864 (Sess. Acts, 1863-4, p. 7), which went into effect April 1st of that year, the sheriff, who levied a writ of attachment sent from another county, was not required to file an abstract of his levy in the recorder's office. This being the case, and the attachment writ, under which plaintiff's claims, having been, as the evidence shows, levied on the 18th of March, 1864, there was no necessity for filing an abstract in the office of the recorder; as, if filed, it would have been a mere nugatory act, and imparted notice to no one. For this reason, the non-filing of an abstract of the attachment levy cannot be held to have impaired the rights or lien acquired by such levy.

## II.

Nor can the validity of the levy be affected by the failure of the sheriff's return to recite notice to tenants of the land, or by failure to state there were no tenants. The statutory notice to tenants is not simultaneous with the act of levying the writ, and cannot, therefore, be regarded as constituting a part of the levy. (Lackey vs. Seibert, 23 Mo., 85; Durossett's Adm'r vs. Hale, 38 Mo., 346.)

## III.

As Hartzell, if not served with personal process, appeared to, and defended, the action, a general judgment was the only one authorized by the statute. (Wagn. Stat., 189, § 40.) In consequence of this statutory requirement, it was wholly unnecessary for the judgment to recite any attachment lien in order to impart additional efficacy to that lien. And the *status* of the case was not altered, as has been suggested, by reason of the land being in another county.

## IV.

The sheriff's deed to plaintiff was regular on its face, and was therefore *prima facie* evidence of the truth of the recitals which it contained (McCormick vs. Fitzmorris, 39 Mo., 24; Ellis vs. Jones, 51 Mo., 180). And it was quite immaterial that the deed went further, and made recital of the date and levy of the writ of attachment, as this fact was estab-

lished by the officer's return. And no valid objection can be urged to the certificate of acknowledgment to that deed. It recites, that, "on the 12th day of December, 1875, before the judge of the circuit court within and for the county of Andrew aforesaid, in court judicially sitting, appeared," etc. (McClure vs. McClurg, 53 Mo., 173.)

## V.

It is well settled in this State, that the levy of a writ of attachment, when properly issued, creates a valid charge or lien on the land against all persons from the moment of the levy, so that a sale upon the execution relates to that time, and passes the title to the purchaser divested and discharged of all subsequent incumbrances made by the debtor. (Lackey vs. Seibert, *supra;* Ensworth vs. King, 50 Mo., 477.)

And the result is the same whether the debtor possesses a legal or an equitable interest in the land at the time of levy made. For under our law, the latter, as well as the former, class of interests are attachable. (Wagn. Stat., 184, § 18.)

And in the case at bar, Hartzell's equitable interest having, because of his paying the residue of the purchase money and receiving a deed, ripened into a perfect legal title, such legal title would inure to the benefit of whomsoever became the purchaser at judicial sale.

The case before us does not require, and therefore we shall refrain from, the discussion of the question, as to what the effect would have been, had Hartzell mortgaged the land prior to the acquisition of the legal title, and had, subsequent to that incumbrance, made such acquisition by the payment of the remaining purchase money and the reception of a deed.

## VI.

The last point remaining to be discussed is a jurisdictional one. It is alleged, on behalf of plaintiff, that Hartzell, who, it seems, at the time resided in Buchanan county, was possessed of personal property there, which was levied on also under a writ of attachment directed to that county.

It is tacitly conceded on the part of defendant that this was the case, though a very patient search through this most wretched record fails to disclose anything indicative of the truth of the assertion ; but it is insisted, that unless Hartzell had real property in Buchanan county, which was also attached, the court acquired no jurisdiction over that in Andrew county, and we are referred in support of this position to R. S. 1855, p. 1221, §§ 2, 3, which provide, that suits, commenced by attachment against the property of a person, shall be brought in the county where " such property" may be found, and that "suits concerning real estate, or whereby the same may be affected, shall be brought in the county where such real estate or some part thereof, is situated." The latter section evidently has no reference to attachment suits (which do not directly concern or affect real estate) ; but applies to suits in equity, ejectment and the like. And in the provisions of section 2, *supra*, are embraced all descriptions of property real or personal; and these provisions of this section are in conformity with those of § 20, Art. 1, chap. 12 of the Attachment Act (1 R. S. 1855, p. 244), which provides, that when the defendant "has property or effects" in different counties, that "separate writs may issue to every such county." It will be readily seen from an examination of the provisions of §§ 2 and 20, *supra*, that suits by attachment may be instituted in any county where the defendant "has property or effects," and that it is wholly immaterial whether the property in the county in which the suit is commenced is real or personal or both ; the statute makes no distinction, and we are certainly authorized to make none.

Taking it then, as conceded, that a writ of attachment was issued to Buchanan county and levied on personal property therein, we do not entertain a doubt as to the validity of the levy of the attachment on the property in dispute. But even if the above mentioned concession had not been made, even if it be true that no record evidence was adduced at the trial showing that personal property of Hartzell was attached in Buchanan county, still it by no means follows that

Huxley v. Harrold.

plaintiff's title is not valid.  For the circuit court of Buchanan county, in which the judgment was rendered, which consummated and confirmed the attachment lien, was a court of general and common law jurisdiction, and the better doctrine seems to be that, where the records of such courts are silent, and nothing is apparent thereon, showing absence or lack of jurisdiction, that their jurisdiction will, as a matter of law, be presumed, when collaterally called in question.

Here the record before us of the attachment proceedings is silent as to whether a writ of attachment did issue to, and was levied on, the property of Hartzell in the county where the suit was brought, but since there is nothing in that record showing absence of jurisdiction, the law will intend that the writ issued and was levied in Buchanan county, and that, in consequence of this, jurisdiction existed.

There are numerous authorities sustaining this view. Thus it is said in Peacock vs. Bell, (1 Saund., 73,) that "the rule for jurisdiction is, that nothing shall be intended to be out of the jurisdiction of the Supreme Court, but that which specially appears to be so."

To the same effect see Grignon vs. Astor, (2 How., [U. S.], 318;) Granger vs. Clark, (22 Me., 128;) Hart vs. Seixas (21 Wend., 40) and cases cited, Pennington vs. Gibson, (16 How., [U. S.] 65;) Wells vs. Mason, (4 Scam., 84;) Morgan vs. Burnet, (18 Ohio, 535;) Reynolds vs. Stansbury, (20 Id., 344;) Horner vs. Doe (1 Ind., 130,) and cases cited, Prince vs. Griffin, (16 Iowa, 552;) Freeman Judg. (§ 124) and cases cited, Freeman vs. Thompson (53 Mo., 192,) and cases cited, State to use vs. Williamson, (57 Mo., 198,) and cases cited.

For the foregoing reasons the judgment should be affirmed. Judge Vories, absent ; the other judges concur.