JAMES O'NEIL, Respondent, *v.* CITY OF ST. LOUIS,
Appellant.

### March 2, 1880.

1. Where no instructions are asked and no exceptions taken, the only assignment of error below being that the judgment was against the law and the evidence, the judgment will not be disturbed if it can, on any ground, be justified.

2. Stones set by a surveyor for boundaries control the calls for distances.

3. Lands vested in municipalities while the Limitation Act of 1855 was in force were subject to the bar of the statute.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

LEVERETT BELL, for the appellant: The testimony does not establish adverse possession as against the city. The western fence of plaintiff was located on the street, and the plaintiff did not claim to own to the fence. — See *Lane* v. *Kennedy*, 13 Ohio St. 42 ; *Simmons* v. *Cornell*, 1 R. I. 519. The enclosure and occupation of land within the limits of a public street will not transfer the title from the municipality. — *City* v. *Canal Co.*, 12 N. J. Eq. 561 ; 2 Dill. on Mun. Corp., sects. 528–533.

R. E. ROMBAUER, for the respondent: Boundaries actually marked upon the land control courses and distances.— *Campbell* v. *Clark*, 8 Mo. 553, 555 ; *Whittelsey* v. *Kellogg et al.*, 28 Mo. 404; *Brown et al.* v. *Hughes*, 21 How. (U. S.) 306. Where the description given of the land sold is the number of a lot in a survey or tract of land, or the plan of a town or an addition to the same, the authentic map of the survey is as much a part of the deed as if set out in it. — *Dolde* v. *Wodicka*, 49 Mo. 98 ; *Rutherford* v. *Tracy*, 48 Mo. 325. And the statute of 1865, which went into effect August 1, 1866, has no application to cases where the right of action or entry accrued before it went into effect, being purely prospective in its operation.— *Abernathy* v. *Dennis*, 49 Mo. 468, 471 ; *School Directors*

*v. Goerges*, 50 Mo. 194, 196; *County of St. Charles* v. *Powell*, 22 Mo. 525; *Wickersham* v. *Woodbeck*, 57 Mo. 59; *Nelson* v. *Chariton County*, 60 Mo. 387; *Callaway County* v. *Nolley*, 31 Mo. 393.

HAYDEN, J., delivered the opinion of the court.

In this case no instructions were asked or exceptions to the admission of evidence taken, and the only point preserved is, that in the motion for new trial it is assigned as error that the judgment was against the law and the evidence, and should have been for the defendant. The presumption is in favor of the judgment, and it must stand unless it affirmatively appears that the judgment cannot upon any ground be justified. The action is trespass to real property, and involves the title to a strip of ground in city block of the city of St. Louis No. 1039, which strip, before the suit was commenced, was occupied by the plaintiff, and which the defendant claims is a part of the street called Page Avenue. The plaintiff projected a building, a part of which was to be upon this strip, and was proceeding to erect the house when the defendant, under city ordinance No. 10,749, providing for the removal of obstructions from the streets, interfered, and the present action was brought. It is not disputed but that the plat and dedication of the commissioners, filed in the recorder's office of St. Louis County, on July 3, 1854, of this subdivision of section 16, township 45, of range 7 east, dedicating to public use certain streets named on the plat, which plat is referred to in plaintiff's deeds, was sufficient to vest the title to Page Avenue in the city. It is the location of Page Avenue that is disputed. It seems that by measurement on the ground the distance between the eastern and western boundary line of this subdivision, as shown by the plat, is short about three feet and ten inches, which distance corresponds to the strip in dispute. The argument from the plat necessarily leaves the proper location of Page Avenue

in doubt. Taking the eastern boundary of the tract as the decisive line, and proceeding according to the plat, the projected building would be on the plaintiff's land. On the other hand, if the western boundary be adopted, and the distance thence run eastwardly, the plaintiff's building would then be upon Page Avenue to the extent of three feet ten inches. Resorting to the actual survey as made by the surveyor whom the commissioners employed, the evidence tends strongly to show that stones set by him as a boundary designated the line of Page Avenue as it is claimed by the plaintiff to be. If the boundaries were thus marked upon the land, they control the call for distances. *Campbell* v. *Clark*, 8 Mo. 554; *Whittelsey* v. *Kellogg*, 28 Mo. 406. These stones were supposed to have been set by the surveyor as locating the western line of Page Avenue. Several of these stones along Page Avenue were standing between the years 1863 and 1870, and thus the boundary appears practically to have been fixed. It is accordingly clear that the court below, which tried this case as a jury, may have found upon this evidence. In any point of view, there is evidence tending to support the finding, and upon the record the judgment cannot be disturbed. It is the province of the jury to determine the location of the boundaries, though it is the duty of the court to declare what the boundaries are that avail to control the location. *Whittelsey* v. *Kellogg, supra.* As stated, no instructions were asked.

Possibly the court may have found in favor of the plaintiff upon the Statute of Limitations. It is urged that the testimony does not establish adverse possession as against the city, as the plaintiff did not claim to own to the fence. But that is not the question, as the fence was further west than the west line claimed by the plaintiff. The testimony of the son of the plaintiff certainly tends to show adverse possession on the part of the plaintiff and his grantors of the land in dispute, and that for more than

fifteen years before the bringing of this suit. In February, 1879, the city was not in possession, and did not claim the strip as a part of the street. In view of these dates, it is not claimed by the defendant that the case is within the purview of the subsequently enacted exception in favor of lands appropriated to public purposes. Rev. Stats. 1865, p. 746, sect. 7; p. 749, sect. 32, and cases cited *infra*. It is claimed that, by the law generally prevailing, the enclosure and occupation of land within the limits of the public streets of a city will not transfer the title from the municipality. *Mayor* v. *Canal Co.*, 12 N. J. Eq. 561; Dill. on Mun. Corp., sect. 528 *et seq*. But by sect. 9 of the Limitation Act of 1855 (Rev. Stats. 1855, p. 1049, sect. 9) it is provided that the limitations prescribed in that act shall apply to actions brought in the name of the State, or for its benefit, in the same manner as to actions by private parties. Accordingly, lands which were vested in the State, and certainly in municipalities, were, when the right of entry in the present case accrued, within the bar of the Statute of Limitations. *Abernathy* v. *Dennis*, 49 Mo. 469; *School Directors, etc.*, v. *Goerges*, 50 Mo. 194; *Wickersham* v. *Woodbeck*, 57 Mo. 59.

The judgment is affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.