ROETHLISBERGER & GERBER, Plaintiffs in Error, *v.* ROSALIE CASPARI, ADMINISTRATRIX, Defendant in Error.

### October 28, 1882.

1. In the absence of exceptions taken, all presumptions are in favor of the action of the trial court.

2. The notice of demand against an estate required to be given to the administrator must contain a detailed statement of the account to be presented for allowance.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

DAVENPORT & NAPTON, for the plaintiffs in error.

C. A. SCHNAKE, for the defendant in error.

LEWIS, P. J., delivered the opinion of the court.

The plaintiffs caused to be served on the defendant administratrix a notice, as follows: —

" To Rosalie Caspari, administratrix of the estate of John S. Caspari, deceased: —

" Take notice, that on the first day of the next March term of the probate court, being on the first Monday of March, 1880, held in and for the city of St. Louis and state of Missouri, or as soon thereafter as I can be heard, I shall present for allowance against the estate of John S. Caspari, deceased, a claim for the sum of three hundred and sixty dollars and thirty-six cents ($360.36), founded upon an account of which the following is a copy: —

Estate of John S. Caspari, Dr.

To Roethlisberger & Gerber, New York.

| | |
|---|---|
| To Mdse. . . . . . . . . . . . | $720 71 |
| Cr. of dividend of fifty per cent . . . | 360 35 |
| Bal. due. . . . . . . . . . | $360 36 " |

The defendant made no appearance in the probate court, where a default was taken, and the demand was allowed,

in the fifth class. The defendant appealed to the circuit court, where judgment was given in her favor.

The record shows no exceptions taken by the plaintiffs to specific rulings of the court, except as to its refusal to grant a new trial. Under these circumstances, all presumptions are in favor of correctness in the court's views of legal questions involved, and of such findings upon questions of fact as, in accordance with those views, would sustain the judgment. *O'Neil* v. *St. Louis*, 8 Mo. App. 416. An application of this rule would suffice for an affirmance of the judgment in the present case. But there are other reasons for the same conclusion, which may be more satisfactory.

By the Revised Statutes (sect. 198), a party desiring to procure an allowance of his demand against the estate of a deceased person, must " deliver to the executor or administrator a written notice, containing a copy of the instrument of writing, or account on which it is founded," etc. Was the paper furnished to the administratrix, in this instance, a copy of an *account*, within the meaning of the provision? We think not.

The mechanics' lien law required the plaintiffs in *McWilliams* v. *Allan* (45 Mo. 573), to file a " just and true account of the demand due them, after all just credits had been given."

The plaintiff thought that this required nothing more than a fair and explicit statement of the balance due them, and on what account. Such a statement they filed, carefully describing the building on which the work was done, its exact situation, and the balance remaining due. The supreme court held that this was insufficient, saying that " an account is defined to be a *detailed statement* of mutual demands in the matter of debt and credit between parties, arising out of contract, or some fiduciary relation." As to the meaning of the word " account," the mechanics' lien law is certainly not more exacting or comprehensive than the administration law. It follows, that unless some sub-

stantial reason exists to the contrary, a detailed statement is demanded in the one case, quite as much as in the other. If any difference there be, it seems really to show a greater necessity for detailed statement in the case of administration than in the other. The living parties to a building contract may be supposed to know all about the subject-matter of the account. But an administrator may well be utterly ignorant of the transactions of his intestate, and unable to inform himself of the merits of the demand, or how to defend against it, without an explicit statement of the items which compose it. The obvious rule is most strongly applicable to the present case, from another consideration. The plaintiffs, at the trial in the circuit court, exhibited, for the first time, a detailed statement of their account. This was made out, not against the intestate alone, but against an alleged partnership firm, of which he was a member. How was it possible for the administratrix to understand, or even to conjecture, the nature or purposes of such a demand, from a statement charging the intestate alone, and giving no further explanation than could be found in the lone, symbolic expression, " *Mdse.?* "

We are of opinion that there was no notice to the administratrix, upon which the probate court could properly act in allowing the demand, and that the judgment of the circuit court must be affirmed. All the judges concur.