T. J. CHRIST, Respondent, v. THE MISSOURI PACIFIC RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, May 20, 1889.

**Appellate Practice:** PRESUMPTION AS TO ACTION OF TRIAL COURT. When issues are submitted to the court and evidence heard, and there is no bill of exceptions, all presumptions are in favor of the correctness of the findings of the court, and this court must presume there was evidence to sustain such finding, and where the trial court finds the necessary jurisdictional fact there is nothing in the record upon which this court can question such jurisdiction.

*Appeal from the Jackson Circuit Court.* — HON. TURNER A. GILL, Judge.

AFFIRMED.

*Adams & Buckner*, for the appellant.

The answer of the railroad company, garnishee, sets forth that the wages, sought to be sequestered by this proceeding, were earned in September, 1887, in the state of Texas, and were by contract payable there monthly, and were exempt by the laws of Texas from garnishment. The sworn answer of the garnishee makes a *prima facie* case and as there was no evidence produced by plaintiff overthrowing it, it must stand as true. *Holton v. Railroad*, 50 Mo. 151. Aside from this *prima facie* case, it must be presumed that the debt sought to be attached was exempt from attachment by the laws of Texas. There being no proof on the subject, it must be assumed that the law of that state is the same as ours. *Fielden v. Jessup*, 24 Mo. 91–96. The exemption given to Toughey by the laws of Texas is a right *in rem* and its *situs* is the domicil of the creditor

and, being exempt there, is everywhere exempt. *Bayles v. Houghton*, 15 Vt. 626; *Keyser v. Rice*, 47 Md. 203; State Tax in Foreign Heldbonds, 15 Wallace, 300; *Clark v. Peach Co.*, 35 Conn. 303; *Meade v. Dayton*, 28 Conn. 33; *Williams v. Ingersoll*, 29 N. Y. 523; *Osgood v. McGuire*, 61 N. Y. 524; *Gundlander v. Howell*, 35 N. Y. 662; *Speed v. May*, 17 Penn. St. 91; *McDouglas v. Page*, 55 Vt. 187; *Cosker v. Webster*, 2 Wall. 131; *Wallers v. Mallock*, 9 Florida, 86; *Railroad v. Maltby*, Kansas. The wages of Toughey, as disclosed in the answer, were absolutely exempt from seizure under the attachment laws of this state whether the claim is made for the exemption by the employe or not, or whether he be a resident of this or any other state (R. S., sec. 2519), and the defendant, garnishee, has no power to waive a right relating to the wages it owned Toughey. *Conner v. Pope*, 18 Mo. App. 86; *Swallow v. Duncan*, 18 Mo. App. 622. There was no evidence as disclosed by the bill of exceptions that a judgment had been rendered against Toughey, and it was error for the circuit court to render final judgment against the garnishee. *Miller v. Anderson*, 19 Mo. App. 71. And as to that matter this court must accept the bill in this case as absolute verity. *Christian v. Wright*, 19 Mo. App. 165; *Wells v. Lea*, 20 Mo. App. 352.

SMITH, P. J.—As there was no bill of exceptions filed in this case our examination must be confined to the record proper. The several questions which the defendant has discussed in its brief do not arise on the record before us, and therefore can not be considered.

The defendant's answer to the interrogatories admitted an indebtedness, and then separately and distinctly pleaded facts from which the law would conclude non-liability to the process of garnishment.

The grounds of the defendant's non-liability so set forth are controverted by the denial of the plaintiff and

thus were presented the issues of fact in the proceeding. The judgment of the court on these issues of fact recites that "a trial by jury is waived, and the issues between the plaintiff and defendant garnishee are submitted to the court and the evidence heard, and the court finds the garnishee is indebted, etc., and it is therefore considered that plaintiff have and recover of the defendant," etc. Under these circumstances all the presumptions are in favor of the correctness of the findings of the court upon the questions of fact involved and upon which the judgment is based. *Rocthlisberger v. Caspari*, 12 Mo. App. 514; *O'Neal v. St. Louis*, 8 Mo. App. 416; *Huxley v. Harrold*, 62 Mo. 516; *Wenich v. Thompson*, 53 Mo. 191.

In the absence of a bill of exceptions showing that there was no evidence adduced to sustain the plaintiff's denial and thus to meet and overcome the *prima facie* case made by the answer we must presume there was such evidence.

It sufficiently appears by the pleadings that the debtor was a resident of this state and even if that was one of the issues of fact it was so found by the court from the evidence, and hence there is nothing appearing in the record upon which the jurisdiction of the court could be called in question by us.

The judgment of the circuit court is affirmed. ELLISON, J., concurs; GILL, J., not sitting.