Allen v. The St. L., I. M. & S. Ry. Co.

DAVID J. ALLEN *et al.*, Respondents, v. THE ST. LOUIS,
IRON MOUNTAIN AND SOUTHERN RAILWAY COMPANY
*et al.*, Defendants; GEORGE AND PIETY BATES,
Appellants.

**St. Louis Court of Appeals, December 17, 1889.**

1. **Practice, Trial**: VENUE. An action of replevin must, under
Revised Statutes, 1879, as amended in 1887, be brought in the
county in which the property is found.

2. **Practice, Appellate**: REVIEWING THE EVIDENCE. A verdict
found under proper instructions, and supported by substantial evi-
dence, will not be reviewed on appeal.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*William N. Nalle,* for the appellant.

The action should have been brought in Wayne
county. The pleas to the jurisdiction were good
defenses, upon every hypothesis as to what are the
objects of the action. *Brown v. Woody,* 64 Mo. 547;
*Smith v. Simpson,* 80 Mo. 634; *Henks v. Debertshauser,*
1 Mo. App. 402; *Werz v. Werz,* 11 Mo. App. 26; *Sedalia
v. Railroad,* 17 Mo. App. 105; *Stern, etc., Co. v. Mason,*
16 Mo. App. 473; *Thompson v. Branson,* 17 Mo. App.
456. This is not modified by the statute of 1887, page
229,—the language being, "shall be brought where the
property may be found." The property could have been
found in Wayne county for five days, or at least three
days, before the filing of the petition in this case.

*C. D. Yancey* and *C. A. Davis,* for the respondent.

The authorities cited by the appellant are not in
point. Since these decisions the statute was amended.

. Sess. Acts, 1887, page 229. The statute, thus amended, furnishes the law of the case. The instructions presented the case fairly to the jury.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiffs brought an action of replevin against the defendant railway company, and, upon an order of delivery issued by the court, took from the possession of the railway company four carloads of oak lumber, which they claimed as their property. The plaintiffs thereafter filed their amended petition stating that George Bates and Piety Bates claimed title to the lumber, and were necessary parties to the complete determination of the suit, and asked for a summons to be issued against said George and Piety Bates, to Wayne county, Missouri, where such defendants resided. George and Piety Bates appeared in obedience to such summons, and filed their joint answer, in which, after denying the allegations of the plaintiffs' petition, they set up a plea to the jurisdiction of the court. This plea stated, in substance, that the plaintiffs were residents of Wayne county, and the defendants were residents of Wayne county, and that the railway company had an agent in said county on whom service could be had; that the plaintiffs' supposed cause of action had its origin and continued in Wayne county; and that the plaintiffs instituted their suit in the city of St. Louis in fraud of the statute, and for the purpose of putting the defendants to delay, inconvenience and annoyance. The defendant railway company had previously filed an answer containing a similar plea. The plaintiffs demurred to that part of the answer containing a plea to the jurisdiction, and the court sustained the demurrer, and this ruling on the part of the court is the first error complained of by the defendants appealing.

We decided in *Thompson v. Bronson*, 17 Mo. App. 456, that an action for the claim and delivery of specific personal property cannot be brought in the county

where the defendant and property are found, but in which neither of the parties to the suit resides; that suits under the statute, Revised Statutes, 1879, section 3481, must be brought "either in the county within which the defendant resides, or the county within which the plaintiff resides, and the defendant may be found;" and that actions for the claim and delivery of personal property are not excepted from the provisions of the statute, either expressly or by implication. Since that decision was rendered, the legislature amended the law, section 3482 of the same statutes, so as to make said section read : "Suits commenced by attachment against the property of a person, *or in replevin or claim and delivery of personal property, where the specific property is sought to be recovered,* shall be brought in the county in which the said property may be found, *and in all cases where the defendant in actions in replevin, or claim and delivery of personal property, is a non-resident of the county in which the suit is brought, service shall be made on him as under like circumstances in suits by attachment.*" Laws, 1887, page 229. That part of the above quotation placed in italics represents the amendment of the original section. Under this section, before it was amended, it was held that suits by attachment against a sole defendant must be brought in the county where the property is attached, regardless of the residence of the parties (*Magrew v. Foster*, 54 Mo. 258; *Huxley v. Harrold*, 62 Mo. 516); but when there are several defendants, and the suit is instituted by summons against one, it may be brought in the county where the defendant thus sued resides, and a writ of attachment issued to another county where property of the other defendant may be found. *Carter v. Arbuthnot*, 62 Mo. 582.

By the amendment of 1887, the jurisdiction in replevin suits is governed by the same law, which

applies to suits by attachment; hence it is apparent that the plea to the jurisdiction in the case was bad on demurrer, because such plea failed to allege that the specific personal property, sought to be recovered in this action, was not within the city of St. Louis at the date of the institution of the suit.

It appeared upon the trial that plaintiffs and Piety Bates were creditors of Jones and Mauk, who operated a sawmill near Piedmont, Missouri. The debtors, being in failing circumstances, delivered the lumber in controversy, which was piled up near the railway depot in Piedmont, both to plaintiffs and to Piety Bates, on different occasions, in payment or part payment of their indebtedness. There was evidence tending to show that this delivery was first made to the plaintiffs, and that the plaintiffs at once took possession of the lumber, marked the piles with their own firm name and put an agent in charge. There was no evidence of fraud in the case. Upon delivery being made, or attempted to be made (subsequently as plaintiffs claim), by Jones and Mauk, or one of them, to Piety Bates, her husband, George, at once had the lumber loaded on the railway company's cars, and had it shipped to St. Louis, where the plaintiffs replevined it. Under this evidence the court instructed the jury, at the instance of both parties, that their respective rights depended upon the priority of the transfer and delivery made to them respectively. This was the only question for the determination of the jury under the evidence, and the jury having found the facts in favor of plaintiff, upon substantial evidence, and under proper instructions, there is nothing for review before us on that branch of the case.

The only other error assigned, namely, that the court excluded proper evidence offered by the defendants, is not borne out by the record. The judgment is affirmed. All the judges concur.