ANNIE K. IRVINE, Appellant, v. J. V. C. KARNES *et al.*, Respondents.

Kansas City Court of Appeals, May 14, 1894.

**Appellate Practice:** CONFLICT OF EVIDENCE: ABSENCE OF INSTRUCTIONS: ABSTRACT. Where the case is submitted to the court without instructions and there is a conflict of evidence, the appellate court will defer to the findings of the trial judge and will not review the testimony to determine whether it supports the court's finding unless all the evidence is set out in the abstract.

*Appeal from the Jackson Circuit Court.*—HON. ED. L. SCARRITT, Judge.

AFFIRMED.

*Colvin & Colvin* for appellant.

The defendants seek to escape liability by alleging in their answer that fraud was practiced upon them by Leigh H. Irvine and Frank Blair and by such fraud they were induced to sign the bond and, that Louis C. Irvine was a participant in such fraud and that this plaintiff took an assignment of the bond with full notice of the fraud. The defendant's own evidence and the evidence of Louis C. Irvine completely disprove the allegations of defendant's answer and leave the defendants without any defense whatever. The language of the bond is so plain as to leave no room for construction. Under it the defendants were bound to make the title good. They did not do it and are liable for the full penalty. *Montgomery v. Harker*, 81 Mo. 63. (2) Even if Leigh H. Irvine and Frank P. Blair did by fraud induce the defendants to sign the bonds (and there is not one word of evidence to that effect), such

fraud is no defense to a suit against the sureties by the principal in the bond, unless the principal had notice of the fraud. Brandt on Suretyship and Guaranty (1878), sec. 353; *Ladd v. Board of Trustees*, 80 Ill. 233; *Western N. Y. Life Ins. Co. v. Clinton*, 66 N. Y. 326; *Linn Co. v. Farris*, 52 Mo. 75.

*Daniel B. Holmes* and *Edwin A. Krauthoff* for respondents.

(1) This is an action at law. A jury was waived and the circuit court intrusted with declaring the law and finding the facts. No declarations of law were asked or given, and the circuit court found generally for the defendants. "This (appellate) court has only the power to review the law declared by the court below, and when that court, as was the case here, {was intrusted with both law and facts, we must assume the facts to be as the court found them. It is not our province to review the general findings of courts in law cases." *Griffith v. K. C. Material etc., Co.*, 46 Mo. App. 539, 546; *Nichols v. Carter*, 49 Mo. App. 401, 406. (2) The question, then, to be decided on this appeal is whether there is any evidence whatever, tending to support the finding of the trial court. In considering this, the court must bear in mind: *First.* Where no declarations of law are asked or given, no question of law applicable to the case is presented for review. *Wood v. Land*, 22 Mo. App. 425, 427. *Second.* Where all of the evidence is not preserved, all presumptions are in favor of the finding of the trial court. *Christ v. Railroad*, 36 Mo. App. 663, 665; *State v. Harkins*, 100 Mo. 665, 669. *Third.* Where the sufficiency of the evidence to sustain the action of the trial court is in question, the appellant must set it out in his abstract *in haec verba*. *Nichols v. Nichols*, 39 Mo. App.

291, 293; *Gunby v. Rogers*, 42 Mo. App. 465, 466. Tested by these fundamental principles of appellate procedure, an examination of appellant's abstract will show there is nothing before the court for review.

GILL, J.—This is an action at law on a bond of indemnity executed by the defendants as sureties for Frank P. Blair and Leigh H. Irvine, whereby the obligors agreed to save Louis C. Irvine harmless from the claim of a tax title to certain real estate then being purchased by said Louis Irvine.

Said Louis C. Irvine conveyed the real estate and assigned the bond to the plaintiff, who is the mother of both said Louis and Leigh Irvine. The plaintiff claims to have been damaged by reason of the tax title against her property and sued the defendant sureties on their bond. The substance of the defense was, that defendants were induced to sign the bond through and by means of the fraud of Blair and Irvine, of which both said Louis and Annie Irvine had knowledge.

Jury trial was waived, and the parties by consent submitted all the issues of law and fact to the determination of the court, and from a judgment in favor of defendants, plaintiff appealed.

From the manner in which this appeal is presented we have nothing to review. No instructions or declarations of law were asked, given or refused. Hence we will assume that the court decided the case on a proper theory of the law. Neither were any exceptions saved as to the admissibility or rejection of evidence. The sole error assigned is, that the court on the evidence wrongfully entered a judgment for defendants.

This being a law case, we should, in matters of conflict in the evidence, defer to the findings of the trial judge. *Christ v. Mo. Pac. R'y Co.*, 36 Mo. App. 663; *Griffith v. K. C. Material & Const. Co.*, 46 Mo. App.

539. And if it is desired to show that there was no testimony to sustain the court's finding and judgment, then the abstract should contain all the evidence adduced at the trial. *Gunby v. Rogers*, 42 Mo. App. 465. In this the appellant here has failed. It is conceded that much of the evidence that was submitted to the trial court is omitted from the abstract.

Judgment affirmed. All concur.