CITY OF MOBERLY, Appellant, v. W. A. WIGHT,
Respondent.

Kansas City Court of Appeals, November 9, 1885.

CITY OF MOBERLY—PROVISIONS OF CHARTER ARE EXCLUSIVE OF ALL
OTHERS.—By section 3, of article IX, of the charter of the city of Mo-
berly, it was empowered to order by ordinance, that the work men-
tioned therein be done at the expense of the owners and occupiers
of the adjacent lots (if such owners, etc., fail to do said work as re-
quired by ordinance), and recover the expense thereof * * *
before any court of competent jurisdiction. The manner provided
by said section for the enforcement of this provision is *exclusive*, and
can be enforced in no other manner, nor by any other punishment,
as by making the failure to make such repairs, etc., a misdemeanor.

APPEAL from Moberly Court of Common Pleas. HON.
G. H. BURCKHARTT, Judge.

*Affirmed.*

Statement of case by the court.

This is a proceeding instituted in the recorder's court
of the city of Moberly for the purpose of recovering from
defendant a fine on account of the violation by him of
the following ordinance :

"Section 6. Any person owning any such lots of
ground at the time of the issue of the notice provided for
in this ordinance, or then occupying such lot or lots as
tenants, who shall refuse or neglect to make or put down
such sidewalk, or to make such repairs as required as
aforesaid, along or in front of such lot or lots of ground,
shall be deemed guilty of a misdemeanor, and on convic-
tion thereof shall forfeit and pay a fine of not less than
five nor more than fifty dollars, etc."

From a judgment against him the defendant appealed
to the common pleas court. In the latter court this case
was dismissed for the reason that the city of Moberly
had no power or authority to pass the said ordinance.
The plaintiff has appealed to this court.

William B. Sanford, for the appellant.

I. The fifteenth clause of section 1, of article III, of the charter of Moberly, expressly empowers the city council to define what shall constitute misdemeanors, and it has done so by the ordinance violated in this case. And there is nothing in it which is inconsistent with or repugnant to the constitution and laws of Missouri. On the contrary, such power is expressly recognized by the statute. Sect. 4881, Rev. Stat. ; see also sects. 4856 and 5002.

II. This was not a prosecution for debt, but for a fine or penalty, and by his neglect and refusal the city might have sustained great loss and damage.

III. The remedy mentioned in Section 3, Article IX, of the charter of Moberly, is not *exclusive*, but *additional*. It was intended that there should be choice of means. *Page v. City of St. Louis*, 20 Mo. 142.

IV. A personal judgment cannot be rendered against the owner of real estate for street improvements in front of his property. 66 Mo. 467; 61 Mo. 488; 53 Mo. 44. The remedy of a proceeding *in rem*, in such a case as this, is impracticable, and the cost of it in many cases would exceed the amount recovered.

V. The corporation is liable in damages for injuries on account of defective sidewalks, and should have power to protect itself by fining delinquents and enforcing obedience to its ordinances.

Porter & Waller, for the respondent.

I. The ordinance making it a criminal offence for owner of property to neglect or refuse to put down sidewalks upon notice from the city is void, being unauthorized by its charter. It is settled law, that the power of municipal authorities is exclusively confined to the limits prescribed by the charter, and such ordinances as are passed in conformity thereto. *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cowgill*, 60 Mo. 316.

II. Proceedings to compel the citizen to pay for im-

provements in front of his property, are proceedings *in invitum*, purely statutory, and, therefore, to be strictly construed. *Leach v. Cowgill*, 60 Mo. 316 ; 53 Mo. 44.

III. The provision of the charter authorizing recovery for expenses of improvements, is a special grant of power, and the power to pass by-laws under this special grant can only be exercised to the extent allowed by the charter. Dillon on Mun. Corp. (3 Ed.) 328, 316, and notes.

IV. In cases of express grant of power to enact by-laws, limited to certain specified cases and for certain purposes, the corporate power of legislation is confined to the objects specified, all others being excluded by implication. Dillon on Mun. Corp. (3 Ed.) 328, 316, note 1 ; *State v. Ferguson*, 33 New Hampshire 424.

HALL, J.—Section 3 of Article IX, of the plaintiff's charter provides as follows :

" The city council shall have power to have the streets and alleys opened and repaired, and the footways and sidewalks of the street paved at the expense of the owners and occupiers of the adjacent lots, and if any such owner or occupier fail to open, repair, or pave the same as required by ordinance, the city council shall cause the same to be put down, and may recover the full expense thereof from such owner or occupier by civil action, in the name of the corporation before any court of competent jurisdiction, and if any tenant be required to open, repair, or pave in front of the property occupied by him, the expense thereof shall be a good set-off against so much of the rent due the owner, etc." Section 1, of article III, of said charter provides that, "The city council shall have power within the city, by ordinance not inconsistent with the laws of this state * * * ; and to define what acts shall constitute a misdemeanor."

The position of plaintiff is, that by section 3, of article IX of the charter, the plaintiff is empowered to order by ordinance that the work therein mentioned be done " at the expense of the owners and occupiers of the

adjacent lots;" that the remedy provided therein for the plaintiff in case of failure by the owner and occupier of any lot to do such work when so required to do it is not exclusive, but is additional ; and that by section one, of article III, of the charter, the plaintiff, by her council, is authorized to, by ordinance, declare such failure on the part of the owner or occupier of any lot a misdemeanor, and to punish such failure as a misdemeanor.

The manner provided by section three of article nine of the charter for the enforcement of its provisions is exclusive.    The plaintiff under her charter can enforce those provisions in no other manner, nor by any other punishment than as provided by that section.    1 Dillon on Mun. Corp., sects. 273, 274; *State v. Ferguson*, 33 N. H. 424.

The plaintiff contends that the manner thus provided for the enforcement of those provisions is invalid, because by it a personal judgment would be rendered against the owner or occupier of the property, which, under the constitution of this state, a judgment *in rem* against the property benefited only, can be rendered on account of local improvements such as provided for in said section of the charter.    This court has no jurisdiction to pass upon the constitutionality of a law.    But we cannot perceive any force in the appellant's contention, if we admit for the sake of argument that the provisions authorizing a personal judgment are invalid.    If that be true, then the plaintiff had no power whatever to order any such work.    That section authorizes the plaintiff to have the work done "at the expense of the owners and occupiers of the adjacent lots," and not at the cost of the property benefited.    So that by that section, not only is a failure to comply with an ordinance in pursuance of its provisions enforced at the expense of the owners and occupiers of the lots, but the work is in the first place ordered to be done at their expense.    If the power to enforce compliance with an ordinance ordering the work to be done is invalid for the reason given by the plaintiff, the power to order the work is invalid also.    And the plaintiff cannot

be permitted to punish as a misdemeanor a failure on the part of one of her citizens to obey an order, which she had no right to make.

The judgment in this case is affirmed. Ellison, J. concurs; Philips, P. J., absent.