HENRY TOBENER, Respondent, v. B. HASSINBUSCH *et al*,
Appellants.

56    591
99   ¹564

Kansas City Court of Appeals, February 19, 1894.

1. **Chattel Mortgages:** DAMAGES FOR SACRIFICED PROPERTY: LAW OR EQUITY. Where the mortgagee in violation of the terms of the mortgage sells the property at private sale, and sacrifices the same, he is in the same position as if he had consumed the property and can be held to account at law for the market value thereof, and the measure of damages is the difference between the market value and the balance due on the debt.

2. ————: TITLE AFTER CONDITION BROKEN: REDEMPTION: REMEDY FOR WRONGFUL SALE. Although after condition broken and possession taken under a chattel mortgage the title is absolutely in the mortgagee, the mortgagor still has rights in the property, as a right to redeem until foreclosure, and if such right, though an equitable one, is discharged, he has a legal remedy for the destruction of his equitable rights.

3. **Res Adjudicata:** DEMURRABLE ANSWER IN REPLEVIN: PETITION IN DAMAGES. Plaintiff as defendant in a replevin suit, set up in his answer that the plaintiff in such replevin had sacrificed the replevined property in violation of the terms of a chattel deed of trust under which he claimed as trustee. To this answer a demurrer was sustained and judgment was entered against him. He then brought this action for damages against the plaintiff in the replevin suit and the beneficiary in the chattel deed of trust. *Held*, the replevin judgment was not a bar to this action as the answer therein is not identical with the petition herein either in material allegation or as to parties.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

AFFIRMED.

*Ess Block & Georgen* for appellants.

(1) The plaintiff should not have been permitted to recover at all in this form of action. Plaintiff's only

remedy was in equity. *Jackson v. Cunningham*, 28 Mo. App. 354. *Haeussler v. Glass Co.*, 52 Mo. 452, 453. Jones on Chattel Mortgages [3 Ed.], sec. 801, p. 715 and sec. 684, p. 619; *Stoddard v. Denison*, 38 How. (N. Y.) 296; *Hungate v. Reynolds*, 72 Ill. 425; *People v. Wiltshire* 9 Bradw. (Ill.) 374; *Flanders v. Chamberlain*, 24 Mich. 305; *Korns v. Shaffer*, 27 Mich. 83; *Olcott v. Railroad*, 40 Barb. (N. Y.) 179; *Murray v. Erskine*, 109 Mass. 597; Jones on Chattel Mortgages [3 Ed.], sec. 712, p. 642; 1 Lewin on Trusts [Ed. of 1891], p. 93, par. 6; 1 Pomeroy's Equity Jurisprudence, sec. 153, p. 135; sec. 162, p. 143. The mortgagor has no remedy at law after condition broken. *Robeson v. Campbell*, 8 Mo. 365-615; *Williams v. Rorer*, 7 Mo. 556; *Lacey v. Giboney*, 36 Mo. 320; *Bowers v. Benson*, 57 Mo. 26; *State to use v. Carroll*, 24 Mo. App. 358. *Kimball v. Davis*, 52 Mo. App. 203. (2) If this be an action at law for conversion, then the judgment in the replevin suit of *Hassinbusch v. Tobener*, is a complete bar. But the conversion took place after the replevin. It would be vain to allow a defeated party in replevin to bring trover and succeed,—thus undoing what had just been done. Cobbey on Replevin, sec. 1166, p. 664, and cases cited in note 1; and see secs. 1167, 1178, same; *Ewald v. Waterhort*, 37 Mo. 602; 1 Herman on Estoppel and Res Judicata, sec. 253, pp. 293, 294. (3) Even if this be regarded as a suit in equity, the judgment in *Hassinbusch v. Tobener* is *res judicata*. *Case v. Gorton*, 33 Mo. App. 597.

*Wash. Adams* for respondent.

(1) The petition, as amended, sets up facts sufficient to warrant judgment for plaintiff for the value of his equity of redemption. *Flanders v. Chamberlain*, 24 Mich. 305; *Blodgett v. Blodgett*, 48 Vt. 32; *Mowry v.*

*Bank*, 54 Wis. 38; *Boyd v. Beandin et al.*, 54 Wis. 193. (2) The defendants having sold the property in violation of the chattel deed of trust, to innocent purchasers, and thus deprived plaintiff of his right to possession upon redemption, a court of equity will award damages in lieu thereof. *Moore v. Thompson*, 40 Mo. App. 195, and cases there cited. 2 Story's Eq. Jur., sec. 794. (3) Under our system the pleader is only required to make a plain and concise statement of the facts constituting the cause of action. *Bank v. Landis et al.*, 34 Mo. App. 433. (4) The burden of showing that the merit of this controversy was adjudicated in the replevin case is upon the defendant. *Dickey v. Heim*, 48 Mo. App. 119; *Clemmons v. Murphy*, 40 Mo. 121; *Vaughan v. O'Brien*, 39 How. Pr. 519; *Wells v. Moore* 49 Mo. 230; *Bell v. Hoagland*, 15 Mo. 360; *Spradling v. Conway*, 51 Mo. 54; *Smith v. McNeal*, 109 U. S. 430; *Birch v. Funk*, 2 Metc. (Ky.) 544; *Foster v. The Richard Busteed*, 100 Mass. 409; *Griffin v. Seymour*, 15 Iowa, 30; *Stone v. St. L. Stamp Co.* 29 N. E. Rep. (Mass.) 623; *Roberts v. Hamilton*, 56 Iowa, 683. (5) The answer was not a defense, but an equitable counterclaim. The rule is, that a judgment upon a general demurrer holding a declaration bad in substance (or, as here, a counterclaim), can never be pleaded as a bar to a good declaration for the same cause of action. *Wright v. Salisbury*, 46 Mo. 26; *City v. Mellus*, 59 Cal. 453; *Thomas v. Hite*, 5 B. Mon. 594. *Gerrish v. Pratt*, 6 Minn. 61; *Terry v. Hammond*, 47 Cal. 32; *Wilbur v. Gilmore*, 2 Pick. 253; *Olprict v. Warner*, 95 Pa. St. 521; *Keator v. Hock*, 16 Iowa, 24; *Morrell v. Morgan*, 65 Cal. 575; *Stevens v. Dunbar*, 1 Blackford, 56; *Smith v. McNeal*, 109 U. S. 430; *Vanlandingham v. Ryan*, 17 Ill. 25. (6) The fact that Wurmser was not a party to the replevin suit is alone sufficient to prevent the bar.

*Pilot v. Signiago*, 27 Mo. 125; *Lloyd v. Tracy*, 53 Mo. App. 175; *Corl v. Riggs*, 12 Mo. 432.

ELLISON, J.—One Lange bought a lot of hotel furniture of Wurmser & Lewis and placed them in a hotel building of which plaintiff was the owner. Afterwards Lange sold the furniture to one Huhn and Huhn executed a chattel deed of trust to defendant Hassenbusch as trustee to secure to said Wurmser & Lewis an installment note of $1,094.15. Huhn reduced this note by payments down to $494.15. Afterwards, Huhn being indebted to plaintiff for rent of the hotel, sold him the furniture in discharge thereof, and gave him possession. Defendant Wurmser became the owner of the interest of Lewis in the note. Plaintiff notified defendant Wurmser that he was the owner of the property subject to the mortgage and offered to pay the balance due on the mortgage, but defendant refused the offer. Afterwards, defendant Hassenbusch, as trustee, brought an action of replevin (defendant Wurmser not being a party) against this plaintiff for the possession of the property covered by the chattel deed of trust and received the possession thereof from the constable. Afterwards, defendant Wurmser, in violation of the terms of the deed of trust, which provided for public sale upon due public notice, sacrificed said property at private sale to various purchasers.

This plaintiff, as defendant in such replevin suit, filed an answer in which he set up that Wurmser had so violated the terms of the mortgage by the sale afore, described, and alleged the real market value of the goods to be $1,500 and asked that his interest in the goods be ascertained and judgment given accordingly. There was a general demurrer filed to this answer which was sustained. Plaintiff refusing to

amend his answer in that suit, final judgment was rendered in the replevin for the plaintiff therein.

This cause was submitted to the court, the record showing that a jury was waived. The court found the market value of the furniture to be more than the mortgage debt and subtracted such debt from the market value and gave plaintiff judgment for the bal-ance. Defendants appeal.

Regarding the action as one at law, we have stated the facts, since the finding was for plaintiff, as plaintiff's evidence tends to show them to be. In so regarding the action, we acquiesce in the view taken, in this respect, by defendant's counsel. The contention on their part, however, is that plaintiff has no remedy at law, that his only remedy is in equity to redeem. In answer to this, we will say that the theory of plaintiff's case is that the property has been scattered and is beyond redemption. It can no more be redeemed than if it had been consumed.

But defendants say that in this state, after condition broken and possession taken for that reason the mortgagee becomes the absolute owner and that he may sell and dispose of the property as he sees fit, without accountability at law to any one; that (if we understand them aright) plaintiff can only get relief by going into a court of equity. In support of this theory we are cited to the following cases: *Robeson v. Campbell*, 8 Mo. 365, 615; *Williams v. Rorer*, 7 Mo. 556; *Lacey v. Giboney*, 36 Mo. 320; *Bowers v. Benson*, 57 Mo. 26; *State to use v. Carroll*, 24 Mo. App. 358. We do not believe those cases determine the point before us. If the mortgage had been foreclosed legally and there had been an overplus at the sale which defendants, or either of them, had refused to pay over to plaintiff, he certainly could have sued them at law for such overplus. If the mortgage had been regularly

foreclosed as provided by its terms, the sale would have been valid and plaintiff's rights would have ceased in all save the overplus, if there was an overplus. Here the sale was invalid, as to plaintiff, but there is nothing to prevent his acquiescing in the sale (allowing that he had an option as to that) so far as the transfer of the title is concerned and yet holding defendants for the market price of the property improperly sold. In *Davenport v. McChesney*, 86 N. Y. 242, there was an invalid sale under. a chattle mortgage which produced. a surplus over the mortgage debt, and it was held, in an action at law, that the mortgagor could treat the sale as valid and recover the overplus. If the mortgagor may do that, and there is no doubt but he can, why may he not sue at law for what the property was worth in the market, where it has been sacrificed, by illegal conduct of the mortgagee? The rule is that when the foreclosure is illegal and the property sacrificed, the mortgagee is liable for the fair market value of the property. And it was held in *Wygal v. Bigelow*, 42 Kan. 477, that an action at law would lie for the overplus which would arise on a market valuation of the property. An action at law was sustained in *Spaulding v. Barnes*, 4 Gray, 330. To the same effect see *Botsford v. Murphey*, 47 Mich. 537; *Coad v. Home Cattle Co.*, 32 Neb. 761.

If the mortgagee should, without regarding rights of the mortgagor, sell the property at a sacrifice without compliance with the provisions of the mortgage, so that the property can not be had for redemption, he is in equally as bad a position as if he had consumed it. If he had consumed it, he could unquestionably be held to account for the market value thereof as though he had in fact legally sold the property and received the market value. In other words, by an illegal disposition of the property and placing it

beyond the reach of the rights of the mortgagor, he takes it upon himself to account for the market value of the property, and will be treated as having received the market value, in which case he would be liable to an action at law.

Notwithstanding the law is stated to be that after condition broken and possession taken under a chattel mortgage that the title is absolutely in the mortgagee, it is yet certain that it is not so, in an unqualified sense. The mortgagor has rights in the property that are inconsistent with an absolute title in the mortgagee. Until foreclosure, he had the right to an equity of redemption. Herman, Chattel Mortg., secs. 194, 195. If such right, though an equitable right, is destroyed by the wrongful act of another, whether by the mortgagee or a stranger, he has right of action at law for the damages, just as he would for the destruction of any species of property. It is a valuable right of which he is wrongfully deprived and he should be allowed to be recompensed therefor in the ordinary way. In other words, a man may have a *legal* remedy for the destruction of an *equitable* right.

But aside from this, looking to the mortgage before us as it was made and accepted by the parties, we find that it is not merely a mortgage as such, but it contains a special contract as to how it shall be foreclosed, a contract, the effect of which is to provide for an exclusive mode of foreclosure (if not foreclosed in a court of equity). This contract is pleaded in plaintiff's petition and the damages resulting from a violation thereof are stated and demanded. The contract required a specific mode of procedure in dealing with plaintiff's equity of redemption. It provided for certain public notice giving time, place and terms of sale, with a description of the property. This was violated by defendants and we are of the opinion that the damages

resulting may be recovered at law.

Defendants make the further contention that since this plaintiff filed the answer in the replevin suit, the nature of which has been stated, and since a demurrer was sustained to such answer and without further pleading a judgment was entered for plaintiff for the possession of the property and one cent damages, that such judgment is *res judicata* as to this action and is a bar thereto. We have no hesitation in ruling this point against the defendants. The matter set up in the answer to the replevin suit was in the nature of a counterclaim. Its merit was not passed upon. There was no adjudication as to whether it had merit. It was not prosecuted. The judgment sustaining the demurrer to the answer may have been based upon grounds altogether foreign to the merits of the matter therein presented, either in point of fact or of law, if asserted against the plaintiffs in that action in the proper way. The defendants here should have shown how that was. The judgment of the court was, at most, that the facts as pleaded were not sufficient to constitute a defense to the action of replevin. *Wright v. Salisbury*, 46 Mo. 26; *Gilman v. Rives*, 10 Peters, 301. It was a judgment on the insufficiency of the answer. The petition here is not identical with the answer there, either in material (though technical) allegation, or as to parties to the action. *Detrick v. Sharrar*, 95 Pa. St. 525, and cases cited.

The finding of the court stands for the verdict of the jury and as such we can not say from the testimony presented that there is no evidence to support it. The judgment is affirmed. All concur.