Rich v. Donovan.

MORRIS RICH, Respondent, v. ANNIE R. DONOVAN et al.,
Appellants.

St. Louis Court of Appeals, October 17, 1899.

1. **Pleading and Practice:** ANSWER: NEW MATTER: REPLICATION:
DEPARTURE IN PLEADING: STATUTORY CONSTRUCTION. Where the
answer contains a general denial and a statement of new matter
constituting a defense to the petition; and the reply states new
matter constituting a defense to the new matter in the answer, the
reply is a plea in avoidance of new matter in the answer, and
if not inconsistent with the petition, is allowable under the
Practice Act (Sec. 2052, R. S. 1889).

2. **Statute of Frauds.** Where a quantity of rock was sold as such and
the purchase price paid, and the vendee took actual possession of
such quantity of rock under and by virtue of such purchase, this
contract, if concerning realty was so far performed as to take it out
of the statute of frauds.

Appeal from the Circuit Court of St. Louis City.—*Hon.
Jacob Klein,* Judge.

AFFIRMED.

*Kinealy & Kinealy* for appellants.

(1) There is a departure in the cause of action set up
in the replication from that set forth in the petition. Craw-
ford v. Spencer, 36 Mo. App. 82; Huston v. Tyler, 38 S. W.
Rep. 654; 1 Chitty on Pldg., p. *675. (2) No recovery is
authorized against William A. Giraldin: First, because he
did nothing which would constitute a conversion; second, be-
cause when he drove the man off of the lots the rock was built
into foundations, were part of the realty, and there is no evi-
dence that William A. Giraldin knew of even any alleged
agreement whereby those foundations were claimed by Wat-
son to be personal property; third, because under Watson's
alleged oral agreement, the rock was to remain on the lots

until same were sold; and fourth, because William A. Giraldin is alleged to have been acting in what he did as the agent of defendant Donovan and as shown hereafter no recovery is authorized against her. (3) No recovery is authorized against defendant because the alleged agreement that the rock might be removed by Watson was made after the rock had been built into foundations and became part of the realty, and was not in writing. 2 R. S. sec. 5186; Smith v. Smith, 62 Mo. App. 596; Bank v. Gay, 63 Mo. 28; Steinkamper v. McManus, 26 Mo. App. 51; Deland v. Vanstone, 26 Mo. App. 297.

*Sale & Sale* for respondent.

(1) The allegations contained in the reply do not constitute a departure from the cause of action set out in the petition. They merely show that, although the rock sued for was built into the foundations, yet the circumstances under which it was placed upon the premises, coupled with subsequent dealings therewith between plaintiff's assignor and the owner of the premises, made the rock personalty as between plaintiff and defendant Donovan, and therefore susceptible of conversion. These facts, set up in the reply, avoided the defense that the rock had become realty. R. S. 1889, sec. 6707, p. 1573; see authorities cited under Point I., of appellant's brief; McLachlin v. Barker, 64 Mo. App. 511; Seibel v. Siemon, 52 Mo. 363; s. c., 5 Mo. App. 303. (2) To permit defendant to set up the statute of frauds to defeat an admitted agreement, whereby plaintiff's assignor has been defrauded by defendants out of a lien for $495 on property, a part of which is the identical property sought by such plea to be withheld from plaintiff, is to permit the statute to become an engine of fraud. Browne on Stat. Frauds [5 Ed.], sec. 448a; White v. Ingram, 110 Mo. 474; also, Rodgers v. Wolfe, 104 Mo. 1.

BLAND, P. J.—The petition, omitting caption, is as follows:

"Plaintiff states that on the 6th day of October, 1895, C. W. Watson of St. Louis, Missouri, was the owner of and entitled to the immediate possession of four hundred and thirty and 17-22 perches of rock or foundation stone situated on lots 51, 52, 53, 54, 55 and 56 in City Block 3973, of the city of St. Louis, Missouri, which said lots on said date were the property of defendant Annie R. Donovan; that said rock or stone was and is of the value of four hundred and ninety-five and 35-100 dollars; that afterwards, to wit, on or about the 21st day of October, 1895, defendants being then in possession of said lots 51, 52, 53, 54, 55 and 56, in City Block 3973, aforesaid, on which said rock was situated, unlawfully and wrongfully converted the same to their own use and sold and delivered the same to one B. Randall, to the damage of said C. W. Watson in the sum of four hundred and ninety-five and 35-100 dollars.

"That since said date the said C. W. Watson has frequently demanded of the defendants payment for said rock and defendants have refused to pay for the same; that said Watson transferred and assigned his claim against defendants to plaintiff, who is now the owner and holder thereof; that plaintiff has frequently demanded payment for said rock of defendants, who refuse to pay for the same.

"Wherefore plaintiff prays judgment against the defendants for the sum of four hundred and ninety-five and 35-100 dollars, with interest from October 21st, 1895, and for costs of suit."

Charles E. and Wm. A. Giraldin and John M. Cates answered by a general denial. The answer of defendant Annie R. Donovan was by a general denial and the following special defense to wit:

"Further answering plaintiff's petition this defendant says that on the 27th day of February, 1895, one Ella Sherer

was the owner and in possession of the said lots 51, 52, 53, 54, 55 and 56, in City Block 3973, city of St. Louis, Missouri, and the said rock or stone referred to in plaintiff's petition was then and there part of the real estate aforesaid by reason of having been built into and annexed to same as the foundation of certain buildings intended to have been erected thereon; that on the said 27th day of February, 1895, this defendant became the owner of said real estate by purchase from the said Ella Sherer and husband and thereby became the owner of the said rock or stone which was part of the said real estate as aforesaid and passed with the conveyance of the latter to this defendant as aforesaid."

To this special defense plaintiff filed the following reply:

"Plaintiff admits that said Donovan bought the said real estate on the 27th day of February, 1895, from one Ella Sherer and her husband, and also admits that the rock or stone mentioned in the petition was at the time last mentioned situated upon said property and built into and annexed to the said land as the foundation for certain proposed buildings, but plaintiff alleged that prior to the purchase of the said real estate by the defendant, Donovan, one, C. W. Watson, who was plaintiff's assignor, had furnished rock for said foundation under contract with James J. Brown, the person who had the contract for said proposed buildings from the then owners of the property, Ella Sherer and her husband; not being paid for the rock so furnished, the said Watson, on the 31st day of December, 1894, filed in the circuit clerk's office four separate mechanic's liens against said property, one for $146.55, against lots 54, 55 and 56; one for $66.75 against lots 52 and 53; one for $142.65, against lots 54, 55 and 56 and one for $139.40, against lots 54, 55 and 56; that thereafter on the 26th day of January, 1895, after due proceedings having been had for the enforcement of said mechanic's liens, the said Watson recovered a judgment before justice Cline against said Brown for $495.35 and a lien therefor against said lots

52, 53, 54, 55 and 56 in City Block 3973, in a suit to which the said Brown and said Ella Sherer and husband, only, were parties defendant; that on February 12th, 1895, a certified transcript of said judgment was filed in the office of the circuit clerk; that on February 27th, 1895, defendant Donovan purchased all of said lots from said Ella Sherer; that at all said times Charles E. Giraldin, Wm. A. Giraldin and John M. Cates, as copartners under the firm name of Giraldin Bros & Cates, were the agents of the defendant Donovan; that the said agents proposed to said Watson that if he would release said lien from said lots that he, the said Watson, might remove the said rock from said premises, or he could leave the said rock there until the defendant should sell the premises and that if they should sell the same they would compensate said Watson for said rock; that said Watson accepted the proposition made by the said defendants and in pursuance of that agreement on the 29th day of August, 1895, released said liens and on the fifth day of September, 1895, released said real estate from the lien of said judgment; and that he did this relying on the said agreement that the said rock should be his."

Donovan filed a motion to strike out the reply on the ground that it was a departure from the cause of action as set forth in the petition, which motion the court overruled. On October 19, 1896, the cause was tried by the court without the intervention of a jury, and after hearing the evidence, at the request of defendant, made its finding of facts and stated its conclusions of law which are as follows:

"In this case I find the facts as follows:  That in the summer of 1894, at the request of the person who was under contract to construct the buildings referred to in this case upon the premises at the corner of Swan avenue and Tower Grove evenue, Mr. Watson, the plaintiff's assignor, furnished 430 perch and 17 cubic feet of rubble building rock to be used in the foundations for houses to be erected upon said

premises, and that thereafter said rock was used in said foundations. I further find the facts to be that Mr. Watson was not paid by the contractor, Mr. Brown for the rock so delivered, and that he took such steps that resulted in the establishment of mechanics' liens against the several lots for the value of the rock so purchased, and that the value of the rock as fixed by said mechanics' lien judgments, amounted to $495.35. I further find the fact to be that after recovering these judgments and establishing these liens Mr. Watson, the then owner, had some conversations with Mr. Chas. E. Giraldin with whom he dealt as the apparent agent of Annie R. Donovan, the owner of the premises, concerning the claim and the rock which had been used for these foundations, and that under an understanding reached between him and Mr. Giraldin acting for Miss Donovan he took no steps to enforce the liens by execution or sale but left the rock upon the premises with the understanding that they should be his rock and that he should have thirty days' notice in case they sold the property to enable him to remove the rock from the premises if he were not able to sell the rock to the purchaser. I further find that Miss Donovan recognized and ratified this agreement by her letter of May 4th, 1895, in which she treated the rock as belonging to Mr. Watson. I find the fa t to be that subsequently Mr. Watson transferred his claims for this rock to the plaintiff Mr. Rich as collateral security and that Mr. Rich was entitled to enforce the same under his agreement with Mr. Watson, and Mr. Watson was to receive credit for whatever Mr. Rich might realize out of the claim, upon the claim which Mr. Rich has against Mr. Watson amounting to more than the value of the rock. I further find that subsequent to the agreement made between Mr. Watson and Mr. Giraldin which involved also a release of the premises from these mechanics' liens by Mr. Watson, Mr. Watson, in pursuance of the agreement released and discharged the liens of record under such agreement and upon the under-

standing that the rock should be his and that he should have the opportunity of selling the same to any purchaser or removing the same as before stated. I also find the fact to be that subsequently when Mr. Watson undertook to remove the rock from the premises he was stopped from doing so and prevented by Mr. Wm. Giraldin and by Mr. Jas. R. Kinealy acting for Mr. Giraldin and that subsequently Miss Donovan ratified the transaction by a sale of the premises. I find that the acts done by Mr. Watson in relation to this matter were done by and with the consent of and have been adopted by the plaintiff in this case.

"On this state of facts the court declares the law to be that the plaintiff is entitled to recover the reasonable value of the rock in these foundations as building rock and not as being in the foundations. That is, the court is of opinion that the plaintiff is entitled to recover the value of the rock taken out of the foundations and removed from the premises. The court further finds the facts to be that if the rock had been taken out of the foundation and from the premises, about two-thirds of the entire quantity of the rock would have been available and salable building rock, making 287 perches; and the court finds the value of the rock as such to be $1.15 per perch, and renders judgment for the plaintiff for $320."

The court rendered judgment for plaintiff against William A. Giraldin and Annie R. Donovan for $320, from which judgment after unavailing motions for a new trial and in arrest these defendants appealed.

Appellants' contentions are: First, that there is a departure in the cause of action set up in the replication from that set forth in the petition; second, that under the evidence no recovery is authorized against William A. Giraldin, and third, no recovery is authorized against Annie R. Donovan, because the alleged agreement was concerning real property, was not in writing, and hence within the statute of frauds.

I.   The answer of Annie R. Donovan contains a gen-

eral denial and a statement of new matter constituting a defense to the petition. The reply stated new matter constituting a defense to the new matter in the answer. It is a plea in avoidance of new matter in the answer, is not inconsistent with the petition, and is allowable under the Practice Act. (Sec. 2052, R. S. 1889).

II. The court found that when Watson undertook to remove the rock from the premises he was stopped by William Giraldin and by James R. Kinealy acting for Giraldin. According to this finding Giraldin denied the title of Watson and assumed the right to control the rock. This assumption, if wrongful, was a conversion of the rock by Giraldin and authorized a recovery against him. Allen v. McMonagle, 77 Mo. loc. cit. 481 and cases cited.

III. The rock being built into foundation walls became a part of the realty, and its status as such could not be changed to that of personalty, except by severing it from the realty. The right to do this was conceded by Giraldin and Miss Donovan to be in Watson under and by virtue of his mechanics' lien judgments. Acting on this assumption Miss Donovan on May 4, 1895, wrote Watson the following letter:

"Mr. C. W. Watson,

"St. Louis.

"Dear Sir:—

"According to the records of the city of St. Louis you hold a judgment against one 'Sherer' for $496 55-100 and which is as I understand a lien on certain stone or rock now on the ground or land described as follows, to wit: Lots 51, 52, 53, 54, 55 and 56, in Block 2, of Laclede Race Course Subdivision and in Block 3973 of the city of St. Louis, fronting together 160 feet on the north line of Swan avenue by a depth northwardly of 125 feet to an alley 15 feet wide. Therefore you are hereby notified to vacate and surrender to me the peaceable possession of said ground and remove said stone or rock within 30 days from this date; on your failure

to do so I shall have the same removed and hold you responsible for any damages, expenses and costs I may suffer thereby.
"Annie R. Donovan."

The evidence proves that Watson, Giraldin and Miss Donovan, all assumed and acted on the hypothesis that Watson by virtue of his lien judgments had the right to sell and remove the rock from the premises, and it was on this hypothesis that the agreement was made whereby the rock was sold to Watson and the license given him to enter the premises and remove it, in consideration of a release of his lien judgments. Watson did release his liens and undertook to remove the rock, when he was stopped by Giraldin, and the sale of the premises by Miss Donovan with the rock in the foundation walls to the purchaser without notice of the agreement was a conversion of the rock. The sale of the rock to Watson was complete and was made for the purpose of enabling him to do what the parties assumed he had a right to do under his mechanics' lien judgments, to wit, to sell or remove the rock. It is immaterial in these circumstances whether a sale under his lien judgments would have conveyed the entire property as against the Donovan title or the rock only. In either case the purchaser would have had the right to remove the rock. The parties to the agreement assumed that the purchaser would have the right to remove the rock only. Watson in compliance with his part of the agreement released his judgment liens and Miss Donovan sold the property with the rock in the wall to an innocent purchaser, so that the liens were forever lost. In such circumstances appellants are estopped to deny the validity of the agreement. "A party shall not entitle himself to substantiate a claim or to enforce a defense by reason of acts or misrepresentations which proceeded from himself or were adopted or acquiesced in after full knowledge of their nature and quality," says Mr. Broom in his valuable work on Legal Maxims, side page 290 [6 Ed.]; DeBerry v. Wheeler, 128 Mo. 84; State Bank v. Frame, 112 Mo. 502;

Fowler v. Carr, 63 Mo. App. 486.' To hold otherwise would enable the appellants to perpetrate a fraud on the respondent. Leaving out of view the lien judgments as affecting the property right in the rock, the evidence is that they were sold to Watson and that the purchase price was fully paid and that Watson took actual possession of them under his purchase. On this phase of the evidence the contract, if concerning realty, was so far performed as to take it out of the statute of frauds. Townsend v. Hawkins et al., 45 Mo. loc. cit. 288. In any view of the case the plaintiff was entitled to recover the value of the rock, and we affirm the judgment. All concur.