## HENRY MEYER et al., Respondents, v. PHOENIX INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, February 25 and August 4, 1902.**

1. **Conversion of Personal Property: INTEREST WHEN RECOVERABLE: PLEADING AND PRACTICE: STATUTORY CONSTRUCTION.** In an action for conversion of personal property, interest is not recoverable as of right but may be awarded by the jury. "if they think fit" (R. S. 1899, sec. 2869), and any demand for such interest, from a date before suit brought, must be made in plaintiff's petition.

2. **Bond of Indemnity: LEVY ON PERSONAL PROPERTY: ACTION.** A bond of indemnity to hold a levy on personal property, is admissible as evidence of participation in the levy by the signers thereof, in an action based on the illegality of the levy.

3. **Court: JURISDICTION: SUBJECT-MATTER.** Where a court has authority to hear and determine actions of the general class in question, it has jurisdiction of the subject-matter.

4. **Maxim: PRESUMPTION.** It is a maxim that a court is presumed to have rightly acted, in the absence of any showing to the contrary.

5. **Jurisdiction of Person: APPEARANCE OF DEFENDANT.** Where defendant appears and answers to the merits, it will be assumed, in the absence of a different showing, that the court has jurisdiction over his person.

6. ———: PLEA TO THE JURISDICTION MAY BE JOINED IN SAME ANSWER WITH PLEA TO THE MERITS. A plea to the jurisdiction of the court over defendant's person may be joined in the same answer with a plea to the merits of the action.

7. **Judgment: REMITTITUR.** Where, on motion for leave to remit part of a judgment, facts of record are shown which demonstrate that the proposed remittitur is adequate to cure an error in the amount of the judgment, and the motion is not opposed, the remittitur will be allowed, the judgment reduced and affirmed at the cost of the respondent.

Appeal from Warren Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED.

*Peers, Femmer & Peers* for appellant

(1) The motion to dismiss should have been sustained. Secs. 562, 997, R. S. 1899; 54 Mo. 145; 57 Mo. 86; sec. 7991, R. S. 1899. The bond of indemnity given to the sheriff of Warren county, in a different proceeding, was improperly admitted as evidence. (2) The letter written by plaintiff's attorney to the defendant corporation, without more, was inadmissible in evidence for any purpose. (3) The verdict was excessive in this: that the evidence clearly showed that joint property converted amounted in value to only $9.25, whereas, the verdict was for $143.09. (4) The verdict was, in the face of instruction 1, given for the defendant, and the same, as well as the evidence therein, was totally disregarded by the jury. (5) The court erred in refusing instruction 2, offered by the defendant. It was justified by the evidence and should have been given. (6) The other instructions offered by the defendant and refused by the court, were improperly refused. They should have been given.

*E. Rosenberger & Son* for respondents.

(1) The motion to dismiss was properly overruled. The court certainly had jurisdiction of the

subject-matter, and it is immaterial where the plaintiffs resided, as the first step taken by defendant was to file its answer on the thirteenth of November. Its motion to dismiss was not filed until November fifteenth. Besides, the defendant did not save its exceptions to the action of the court in overruling its motion to dismiss. Furthermore, defendant admits that it is a foreign insurance company; hence, it is a resident of every county in the State for the purpose of being sued. (2) The verdict is for the right amount and is not excessive. The evidence showed that the ten head of cattle sold brought $157.21 at the sale. The jury found that the nine head of cattle, which were the joint property of plaintiffs, brought $141.60 at the sale and this amount together with six per cent interest from the institution of the suit, made the amount due plaintiffs $143.09, for which amount the verdict was rendered. (3) Defendant's instructions were properly refused. Defendant fails to point out to this court the errors of the court below in refusing instructions; hence, this court will not consider them. (4) The verdict was for the right party; the court properly instructed the jury; no reversible error was committed by the trial court in admitting or rejecting evidence and the verdict ought not to be disturbed.

BARCLAY, J.—This action was brought in the Montgomery Circuit Court, October 8, 1900. The plaintiffs are Henry and William Meyer. The defendant is the Phoenix Insurance Company of Brooklyn, a foreign corporation.

The petition states a cause of action for the conversion of certain cattle (described). It is averred that the cattle belonged to the plaintiffs at the time they were levied upon by Mr. Larkin Carter as sheriff of Warren county, by virtue of an execution on a judgment in favor of the Phoenix Insurance Com-

pany of Brooklyn (defendant in this case) against Moritz Meyer; and that said cattle were sold on said execution thereafter at the instance of the present defendant, notwithstanding full notice that the cattle were not the property of the defendant in said execution. Further averments of the value of the cattle and of the conversion of the proceeds by defendant appear, together with a prayer for judgment for $200, interest and costs.

The answer of defendant will be described later. The cause was tried with the aid of a jury.

Testimony was given by plaintiffs tending to prove that nine head of cattle belonging to them were levied upon, as charged in the petition, and that the cattle were sold, March 24, 1900, under an execution in favor of said insurance company. It further appeared on that side that an attorney for the present plaintiffs protested against the levy, and that plaintiffs claimed the cattle as theirs at that time. But the sheriff took an indemnifying bond to himself from the execution plaintiff (the insurance company) and then proceeded to a sale of the cattle—by direction of the attorney for the company. The cattle of plaintiffs were sold along with an ox belonging to one of the plaintiffs individually, and the total amount realized was a little more than $157. There was testimony before the court that the fair market value of the animals at that time was greater than that sum. They were bid in by an attorney on behalf of the plaintiffs in this action, and thus were restored to the possession of plaintiffs.

The indemnifying bond was offered in evidence by plaintiffs at the trial against the objection of defendant's counsel.

There was considerable testimony given on behalf of defendant tending to disprove the facts shown on behalf of plaintiffs. But it will not be necessary to fully recite that testimony.

A number of points of error are assigned upon the proceedings in the circuit court.

1. It is first claimed that the court should have dismissed the cause for want of jurisdiction. It is admitted that plaintiffs reside in Warren county and that defendant is a corporation incorporated by another State. The record before this court recites that the summons was "returned executed on the tenth day of October, 1900" (without showing how)., and that an amended answer was filed by defendant, November 22, 1900, containing a general denial, a plea of estoppel, and no plea of any sort to the jurisdiction of the court.

It can not be successfully claimed that there was any defect of jurisdiction over the subject-matter of the cause in the court where it originated. Meyer v. Insurance Co., 92 Mo. App. (St. L.) 392, decided at this term.

Nor is there anything in the record here to indicate any want of jurisdiction over the person of defendant.

Where a defendant has appeared and answered by a plea to the merits, and still asserts a want of jurisdiction over him personally, it devolves on him to exhibit such a condition of the record as will show such alleged want of jurisdiction. In the absence of such a showing, it is our duty to assume that the trial court committed no error in proceeding to judgment. Huxley v. Harrold, 62 Mo. 516. In such circumstances the maxim that the trial court should be presumed to have rightly acted, is applicable.

Defendant (appearing specially) filed a motion to dismiss for want of jurisdiction in the trial court before filing the answer, but no facts disclosing any want of jurisdiction are shown by the record, and the learned circuit judge overruled the motion. No error in that ruling appears.

There is nothing whatever in the transcript on

this appeal tending to avoid or diminish the effect of the defendant's answer to the merits as a general appearance, and there is nothing in the answer itself to that effect, although it is now undoubted law in Missouri that a plea to the jurisdiction over the person may be joined in the same answer with a plea to the merits of the action. Little v. Harrington, 71 Mo. 390; Byler v. Jones, 79 Mo. 261.

2.   It is claimed that the court erred in admitting in evidence the bond of indemnity given by the execution plaintiff to the sheriff prior to the sale of the cattle levied upon.

It has been settled by adjudications in Missouri that such a bond may be given in evidence to show a participation of the signers thereof in such a trespass as an unlawful levy. Wetzell v. Waters, 18 Mo. 396; Peckham v. Lindell Glass Co., 9 Mo. App. (St. L.) 459.

3.   Defendant furthermore complains of the instructions given for plaintiffs. One of them is as follows:

"The court instructs the jury that the measure of damages is what the cattle brought at the sale, together with six per cent interest from the institution of this suit."

It has been declared by the second division of the Supreme Court, in two cases of comparatively recent date, expounding the section of our law which is now section 2869 (R. S. 1899) that, in an action for conversion, interest is not recoverable as a matter of strict right, but it may be awarded by the jury if they see fit. State ex rel. Robertson v. Hope, 121 Mo. 34; Carson v. Smith, 133 Mo. 606. That doctrine has been applied by both of the Courts of Appeals. Eagle Con. Co. v. Railroad, 71 Mo. App. (St. L.) 626; Wheeler v. McDonald, 77 Mo. App. (K. C.) 213.

It has been further held that any such claim for interest must be made in the petition as a foundation

for any recovery on that account. Horner v. Railroad, 70 Mo. App. (St. L.) 285. In the case at bar, no such claim appears in the petition. Whether the ruling last cited would be applicable where the given instruction only authorized the recovery of interest from the bringing of the action, we need not stop to discuss. Irrespective of the question of pleading, no recovery of interest could be sanctioned, in an action of tort such as this, from any date prior to the verdict, unless the jury should see fit to approve that recovery, in view of the decisions in the Supreme Court above mentioned. So the question of pleading is a minor one at this time.

If the data furnished by the record here were sufficiently definite it might be possible to cure the error just pointed out by directing a remittitur. But it is in evidence that the nine head of cattle of plaintiffs were sold along with one belonging to one of the plaintiffs severally. The total sum realized for all the ten appears to have been a little more than $157; but the price or value of the animals is nowhere stated in this record in such a way as to permit us to identify the price of the nine animals belonging to plaintiffs. The "sale-bill" mentioned in evidence (which is probably one of the papers forming part of the return on the execution) may disclose the needful information; but it has not been presented in the record in any form by either party in these appellate proceedings. It seems necessary to reverse the judgment in order to correct this error, in the absence of facts of record to allow of its correction otherwise.

4. There was ample evidence tending to prove that the cattle sold were the property of plaintiffs as partners, and that their attorney had protested against the levy and sale which forms the gist of the charge of conversion.

The judgment is reversed and the cause re-

manded for a new trial. *Bland, P. J.,* and *Goode, J.,* concur.

### MODIFIED OPINION.

PER CURIAM: A motion has been made by plaintiffs in this case for leave to reduce the judgment by remittitur to the extent of five dollars. Upon this motion the facts show that such a remittitur is more than adequate to correct the error complained of, although those facts did not appear on the original hearing. The defendant having been duly notified of the motion for leave to file a remittitur, has entered no objection thereto.

As we are satisfied, in the absence of any contrary showing, that the amount proposed to be relinquished is ample to cure the error pointed out in the original opinion, the judgment announced is now modified by permitting plaintiffs to remit five dollars thereof and affirming it as to the residue of the recovery; but the costs of the appeal are taxed against the plaintiffs.