ERASTUS L. MORSE, Respondent, v. ALLEN M. BATES, Appellant.

Kansas City Court of Appeals, April 27, 1903.

1. **Fraud: INNOCENT PURCHASER: REMEDY: ACTION.** Where property acquired by fraud comes into the hands of a bona fide purchaser for a valuable consideration and without notice, such purchaser has good title even though his immediate grantor be the fraudulent party, and the remedy of the defrauded owner with respect to the property itself is gone and he must rely on his personal action against the fraudfeasor.

2. **Action: DESTRUCTION OF EQUITABLE RIGHT: LAW: EQUITY.** The destruction of an equitable right is a loss and is subject to legal redress in an action at law for damages; and so a purchaser at sheriff's sale who has not obtained the deed and the title to the land is in the fraudulent grantor of the execution defendant has only an equity, but can sue at law a fraudfeasor who passes the title to an innocent purchaser and thereby deprives him of his equitable right.

Appeal from Clay Circuit Court.—*Hon. J. W. Alexander,* Judge.

AFFIRMED.

*Martin E. Lawson* and *Harris L. Moore* for appellant.

(1)   An unpaid bid at a sheriff's sale under judgment, without a deed, confers no title on bidder, at least in Missouri.   Strain v. Murphy, 49 Mo. 337; Leach v. Koenig, 55 Mo. 451; Simmons v. Cook, 109 Ga. 553; Alexander v. Merry, 9 Mo. 514; Askew v. Ebborts, 22 Cal. 263.   (2)   Defendant had the legal title and plaintiff's interest if any, was equitable; this created an equitable trust, and plaintiff can not mix legal and equitable causes of action under our practice—can not sue at law to enforce an equitable claim.   Foster v. Mill Co., 16 Mo. App. 150; 92 Mo. 79; Richardson v. Means, 22 Mo. 495; Gale v. Mensing, 20 Mo. 469; Myers v. Hale, 17 Mo. App. 204; 27 Encyclopedia of Law (1 Ed.), page 271, under head of "Jurisdiction," a list of cases cited; Rutherford v. Williams, 42 Mo. 18; Maguire v. Tyler, 47 Mo. 115; Myers v. Field, 37 Mo. 434.

*Simrall & Trimble* and *Sandusky & Sandusky* for respondent.

(1)   Elizabeth C. Wyman and George J. Wyman, through John Lewis, arranged that the purchaser should have both the sheriff's deed and a quitclaim from George J. Wyman; and after the sale she gave an order on the sheriff in favor of Hardwicke for the surplus.   After so doing neither of them could question the validity of the sheriff's sale.   Austin v. Loring, 63 Mo. 19.   (2)   Though respondent had no sheriff's deed to the lots, and no legal title, yet he had a beneficial interest in the lots to the extent of his payment, which would have ripened into a legal title by

making a small payment, which he had the right to make and intended to make, and to secure his sheriff's deed and quitclaim. He had an inchoate title. Freeman on Ex. (1 Ed.), sec. 323. (3) The appellant knowingly and willfully committed a wrongful act to the direct injury of respondent, for which an action must lie. As respondent can not follow the property,' and can not secure title by completing his bid, he must have recourse against the person who committed the injury. 2 Pomeroy's Eq. Jur. (1 Ed.), sec. 918.

ELLISON, J.—This is an action for damages alleged to be the result of defendant's fraud in the conveyance of real estate. The plaintiff recovered judgment in the trial court for $387.92.

The facts necessary to state for an understanding of our decision are, that Mrs. Elizabeth C. Wyman, besides her home, owned the unoccupied property out of which this controversy arose, and there was a judgment against her which was a lien upon it. To defeat the collection of this judgment she conveyed this property to her son, George Wyman, without consideration and without his knowledge. This deed was recorded. Her home property was sold at sheriff's sale under this judgment to Mr. Hardwicke for a nominal sum. Afterwards, this property was levied upon and advertised to be sold by the sheriff under the same judgment. The record title being in George, it was feared it would sell at a sacrifice. From such consideration a friend arranged at the sheriff's sale that the purchaser should have a quitclaim deed from George in addition to the sheriff's deed, and that Hardwicke would convey back to Mrs. Wyman her home property if this property brought enough to pay the judgment. The plaintiff became the purchaser under this arrangement for $480. This being sufficient to satisfy the judgment, Hardwicke conveyed the home property to Mrs. Wyman. Plaintiff paid the sheriff $350 on his bid, and $50 after-

wards. He also paid $23 to George, leaving $57 un-
paid. Hardwicke (under an order from Mrs. Wyman)
and George each claimed the surplus of plaintiff's bid
over the amount of the judgment. Plaintiff wanted a
deed from the sheriff and the quitclaim from George
when he should pay the balance of his bid, but on ac-
count of the controversy about who was to have the
money the matter was delayed along for some six years,
thus leaving the record title to the property in question
in George. In this situation, defendant, after having
the whole matter explained to him by George, obtained
from the latter a quitclaim deed by paying to George
the $57 so in dispute. Defendant, a few days after-
wards, wrongfully and fraudulently, as charged by
plaintiff, sold the property to the Henry Pyle Realty
Company for $375, without disclosing what he learned
from George, and that company being ignorant of the
facts here stated, and relying on the record title in
George. The company, within a few months, sold the
property for $650. No point is made as to the amount
of the judgment, nor the process of ascertaining that
amount, nor as to the measure of plaintiff's damage.

From the foregoing, we are of the opinion that the
judgment should be affirmed. Plaintiff's purchase at
the sheriff's sale and payment of the principal part of
the purchase price became invested with an interest in
the property. 3 Freeman on Executions, sec. 323. It
is not infrequent that after purchase at sheriff's sale,
the execution and delivery of a deed is delayed for
years. Alexander v. Merry, 9 Mo. 514, 528. Un-
doubtedly, if there had been no intervening rights, plain-
tiff could have paid the balance of the purchase money
and obtained a deed to the property which would have
related back to the date of his purchase. He could then
have obtained a decree of title as against George Wy-
man's fraudulent title. So, therefore, it is manifest
that defendant, having knowledge of plaintiff's inter-
est, by his act in conveying the property to an innocent

purchaser has completely destroyed plaintiff's rights and his interest in the property itself. "If property which is acquired by fraud has come by transfer into the hands of bona fide purchasers for a valuable consideration and without notice, even though his immediate grantor or assignor was the fraudulent party himself, the hands of the court are stayed, and the remedy of the defrauded party, with respect to the property itself, is gone; his only relief must be personal against those who committed the fraud." 2 Pomeroy on Equity Jurisp., sec. 918. We concur in the view of the circuit court that plaintiff was entitled to recover.

Defendant contends that whatever interest plaintiff had in the property was an equitable interest and that his relief should have been by an action in equity. That he "can not sue at law to enforce an equitable claim." We concede that plaintiff did not have the legal title to the property as he had not obtained a sheriff's deed (Strain v. Murphy, 49 Mo. 337), and we may concede that his interest was an equitable interest. But from this it does not follow that plaintiff has no remedy at law. He is not suing to enforce an equitable claim. He is not making such claim against defendant. The wrongful or fraudulent destruction of an equitable right is a loss—a damage to the owner of such right, and is subject to *legal* redress in an action at law for damages. Tobener v. Hassinbusch, 56 Mo. App. 591; Sherwood v. Saxton, 63 Mo. 78.

The case has been well presented by the respective counsel and though unusual and odd in its facts, we believe they are such as fall within well-known legal principles which vouchsafe redress to the injured party.

The judgment is affirmed. All concur.