## W. P. SIMPSON, Defendant in Error, v. O. G. BANTLEY, Plaintiff in Error.

**Springfield Court of Appeals, April 4, 1910.**

1. **PLEADING: Actions: Conversion: Breach of Contract.** In a suit against defendant for taking possession of property under a chattel mortgage, which he held to secure him as surety on a note, and in refusing to sell said property according to the terms of the mortgage, it was contended by the defendant that this was a suit for conversion which plaintiff could not maintain because he had only an equitable interest in the property. *Held*, that, under our code system, there is but one form of civil action and if the rights pleaded show any right of recovery, the petition should be held good, when not attacked until after trial, whether the suit be denominated an action at law for conversion, or an action in equity, or a suit for breach of contract for failing to comply with the terms of the mortgage.

2. **———: Reply: New Matter.** While the reply cannot be used to aid a defective petition, nor for the purpose of introducing a new cause of action, yet when the defendant pleads a counter-claim, the plaintiff may, by reply, allege new matter not inconsistent with the petition, constituting a defense to the new matter set up in the answer.

3. **CONVERSION: Damages: Interest: Instructions.** Under Revised Statutes of 1899, section 2869, the allowance of interest as damages in suits for conversion is discretionary with the triers of the facts, and peremptory instruction to include interest as damages is erroneous.

4. **———: Retention of Property by Mortgagee: Measure of Damages: Instructions.** Where a mortgagee takes possession of mortgaged personal property but refuses to sell the same according to the terms of the mortgage, he is responsible for the actual market value of the property at the time and place and in the situation and condition it was in when possession was taken, and it is improper to instruct the jury that the damages should be measured by what it would cost to replace the property.

5. ———: ———: ———: **Tardy Sale by Mortgagee.** Defendant was sued for failure and refusal to sell personal property according to the terms of a mortgage, after he had taken possession of it under the mortgage. Subsequent to the filing of the suit, he made a sale of the property under the mortgage, and pleaded such sale as a defense and the amount received therefrom as limiting plaintiff's recovery. *Held*, that his failure and refusal to proceed with diligence to sell the property, in the first instance, and his assertion of absolute right and control over the property, amounted to a conversion *per se*, from the consequence of which he was not excused by the subsequent sale.

6. **ACTIONS: Equity: Parties: Refusal of Mortgagee to Sell Property and Pay Notes.** A was a security on B's note which was held by a bank. To secure A, a chattel mortgage was executed by B. A afterwards took possession of the property under the mortgage, but refused to sell it according to the terms of the mortgage and refused to pay the notes. In a suit instituted by B against A for the value of the property and for an accounting, and for the payment of the notes, *held*, that it was a suit in equity, and not a suit for damages, and that the holder of the notes should also be made a party to the suit.

Writ of Error to Laclede Circuit Court.—*Hon. L. B. Woodside*, Judge.

REVERSED AND REMANDED.

*Charles H. Mayer* for plaintiff in error.

(1) The court erred in overruling defendant's objection to any evidence under the petition. Conversion, which is the nature of the action, cannot be maintained. Frazier v. Railroad, 104 Mo. App. 360; Parker v. Rhodes, 79 Mo. 91; Jones v. Furniture Co., 77 Mo. App. 474. (2) "A reply cannot be used in aid of the petition by introducing for the first time a new cause of action or an additional cause of action, nor to engraft on the petition a material allegation omitted therefrom." Moss v. Fitch, 111 S. W. 479; Rhodes v. Lumber Co., 105 Mo. App. 314; McMahill v. Jenkins, 69 Mo. App. 280; Crawford v. Spencer, 36 Mo. App. 78.

*J. W. Farris* for defendant in error.

(1)   The petition alleged conversion.   The mortgagee had taken the property under the mortgage, refused to sell under the mortgage, claimed title under a bill of sale, and had not then paid, and did not pay a dollar of the debt.   Hase v. Schotte, 109 Mo. App. 458; Tobener v. Hassenbusch, 56 Mo. App. 591; Bigler v. Leonori, 84 Mo. App. 219; Warnick v. Baker, 42 Mo. App. 439; Hull v. Pace, 61 Mo. App. 117; Thomas v. Huff, 62 Mo. App. 124; Dwyer v. Rohan, 99 Mo. App. 120.   (2)   Plaintiff in error, as defendant, pleaded in answer amount claimed for rent under a lease as an offset, and defendant in error, as plaintiff, had a legal right to claim damages growing out of the lease as an offset to the claim for rent.   R. S. 1899, sec. 607; Dwyer v. Rohan, 99 Mo. App. 120; Rhodes v. Lumber Co., 105 Mo. App. 279.   (3)   The withholding of property from the real owner after demand is a conversion.   Foster v. Wollman, 87 Mo. App. 658; Duckett v. Dry Goods Co., 99 Mo. App. 444.   (4)   The law guarantees to mortgagor that if his property must sell, there must be a fair sale for a fair price.   The defendant in error was denied the benefit of the law at the sale on the 7th day of May.   Turner v. Brown, 82 Mo. App. 30; Pollihan v. Reveley, 181 Mo. 622.

STATEMENT.—Plaintiff alleges that at, and prior to, March 23, 1907, he was in possession of the Laclede Hotel in Lebanon, Missouri, under lease from defendants.   That plaintiff was indebted to the State Bank of Lebanon upon certain notes, which defendant, O. G. Bantley, had signed as surety for the plaintiff, and, to secure Bantley, plaintiff had given to him a chattel mortgage covering all of his personal property located in the Laclede Hotel, which mortgage provided that upon default in payment of the notes to the bank, Bantley might take possession of the property covered by the

mortgage, and sell the same at public sale and pay the notes from the proceeds and balance to plaintiff. That defendants took possession of the property March 23, 1907, but refused to advertise and sell under mortgage, and converted the same to their own use, alleging the value of the goods to be $4000, and asked that judgment be given in favor of the bank for the amount due on the notes, and in favor of the plaintiff for the balance.

The answer is a general denial and plea that the mortgaged property was sold in good faith under the mortgage, and then sets up a counterclaim for rent due from plaintiff to O. G. Bantley, and alleges that O. G. Bantley had succeeded to all the interests of the other defendants in the lease.

The replication is a general denial and allegation of damages to plaintiff caused by the failure of defendant to comply with the terms of the lease.

The plaintiff's testimony tends to support the petition, and to show that defendants had converted the property, he proved that after possession was taken by defendant, O. G. Bantley, under the mortgage, plaintiff made demand that he advertise and sell, as provided by the mortgage, which he refused to do, and asserted that he was not required to sell.

This suit was filed April 22, 1907, and the evidence shows that soon thereafter the defendant, O. G. Bantley, advertised and sold the property covered by the mortgage, and he became the purchaser at the sale. The evidence raised some question as to whether the plaintiff had, before the trial, paid the notes to the bank, or whether they had been assigned to one James Roland. While the evidence was heard before a jury, the court seems to have treated the action as one in equity, and the court found for defendant, Bantley Realty Company; and also finds that defendant, O. G. Bantley, was guilty of conversion of the property, and submitted

certain issues to the jury, upon which they found as follows:

"We, the jury, find that the actual cash market value of the goods taken by the sheriff of Laclede county, from the plaintiff Simpson on the 23rd day of March, 1907, was, at said time and place, the sum of $1507.60, interest $35.14, interest on same from March 23, 1907, to date, at 6%.

"We also find that the possession of Simpson, under the lease, terminated on the 23rd day of March, 1907. And on said date said Simpson was indebted to the lessors for rent of the hotel, and which is still due, after deducting $136 assigned to Rose Bantley, the sum of $586.16, interest included. We find and allow interest on same at 6%.

"We also find that the lessors failed to furnish a kitchen range for said Simpson, and that said Simpson, by reason thereof, has sustained damages in the sum of $128.40."

While the jury were out considering their verdict, James Roland filed an interplea claiming to own the notes. After the verdict was returned, plaintiff remitted $20 of the amount assessed by the last paragraph of the verdict. The court then struck the balances, entered formal judgment for plaintiff for $1064.98, and then provides further in the judgment that defendant could pay the amount of the judgment into court to be paid to the holder of the notes. Defendant, O. G. Bantley, brings the case here by writ of error. Defendant in error has remitted in this court all of the amount found for him on account of the kitchen range.

I.

COX, J.—Defendant objected to any evidence under the petition on the ground that it did not state a cause of action, and that this is an action at law for

conversion, and could not be maintained on the facts pleaded for the reason that plaintiff only had an equitable interest in the property, if any at all, and, to maintain conversion, he must have the legal title. Under our code system, there is but one form of civil action, and, as against an objection of this character, if the facts pleaded show any right of recovery, the petition must be held good, and whether we denominate this an action at law for conversion, or for breach of contract for failing to comply with the terms of the mortgage, or was an action in equity, it is clear that if the allegations of the petition are true, the plaintiff has stated therein a cause of action. [Johnson v. Bank, 116 Mo. 558, 22 S. W. 813; Parker v. Rodes, 79 Mo. 88; Tobener v. Hassinbusch, 56 Mo. App. 591; Morse v. Bates, 99 Mo. App. 1. c. 564, 74 S. W. 439; Bigler v. Leonori, 103 Mo. App. 131, 77 S. W. 324.]

II.

Defendant also objected to any evidence as to the new matter set up in plaintiff's reply upon the ground that the reply cannot be used to introduce a new cause of action not declared upon in the petition. As a general proposition his position is correct, Moss v. Fitch, 212 Mo. 484, 111 S. W. 475, but as applied to the facts of this case, his position is untenable. While the reply cannot be used to aid a defective petition, nor for the purpose of introducing a new cause of action, yet when the defendant pleads a counterclaim, as was done in this case, the plaintiff may, by reply, allege new matter not inconsistent with the petition, constituting a defense to the new matter set up in the answer. [R. S. 1899, sec. 607; Rhodes v. Land & Lumber Co., 105 Mo. App. 1. c. 313, 314, 79 S. W. 1145; Rich v. Donovan, 81 Mo. App. 184.]

## III.

In the submission of issues to the jury they were instructed to compute interest on the value of the goods from March 23, 1907. This was error. Under the statute, the allowance of interest as damages, in cases of this character, is discretionary with the triers of the facts, and a peremptory instruction to include interest as damages is erroneous. [R. S. 1899, sec. 2869; Wheeler v. McDonald &.Co., 77 Mo. App. 213; Meyer v. Phoenix Insurance Co., 95 Mo. App. 1. c. 726, 69 S. W. 639; State ex rel. v. Hope, 121 Mo. 34, 25 S. W. 893; Carson v. Smith, 133 Mo. 606, 34 S. W. 855.]

Plaintiff now offers to remit the amount assessed as interest, and, if there were no other errors, this remittitur would save the judgment.

## IV.

In submitting the issue as to the value of the property, the court gave the following instruction: "The value therefor, required to be found by you, is the actual market value of the goods at the time and place, and in the situation and condition as they were when possession was taken thereof. *That is to say you will find from the evidence the amount that it would have taken on a fair sale or purchase, to have replaced the goods in like quality and quantity and condition as they were in at the time possession was taken thereof.*" (Italics are ours.) The latter part of this instruction was clearly wrong. The value should have been found as the actual market value at the time and place, and in the situation and condition as they were when possession was taken thereof, as stated in the first part of this instruction. Under the facts in this case, defendant had the right, under the mortgage, to take possession and to sell the goods, but under no circumstances was he bound to replace them. It is impossible to tell whether the jury assessed the value of the goods, or the

cost of replacing them, and this error alone would result in the reversal of this judgment.

## V.

The defendant now contends that, as he advertised and sold the goods under the mortgage, he is relieved, and plaintiff's recovery must be limited to the amount the goods sold for. This proposition would be correct if he had proceeded with diligence in making the sale, but the evidence shows that he took possession of the goods March 23, and then refused to advertise and sell them, and when plaintiff demanded that he should proceed to advertise and sell, as provided by the mortgage, he refused to do so, and contended that he was not required to sell, and it did not occur to him that this plaintiff had any rights that he was bound to respect until after suit was filed against him. After suit was brought he apparently awakened to his duty in this respect, and then attempted to screen himself from liability by advertising and selling the property. It was then too late. He had refused to make the sale, and had asserted absolute right and control over the property, and denied that plaintiff had any rights in it, and this amounted to a conversion *per se*. [Tobener v. Hassinbusch, 56 Mo. App. 591; Hanson v. Skogman (S. Dak.), 105 N. W. 90; Howery v. Hoover (Iowa), 66 N. W. 772; Marseilles M'fg. Co. v. Perry (Neb.), 87 N. W. 544; Allen v. McMonogle, 77 Mo. 478; Rich v. Donovan, 81 Mo. App. l. c. 191; Miller v. Lange, 84 Mo. App. l. c. 222.]

## VI.

Counsel, in their briefs, on both sides, treat this action as one at law for damages. The trial court, however, proceeded upon the theory that it was an action in equity, and did not submit the general issue to the

142 App—32

jury, but only took their verdict upon certain questions of fact. We think that the trial court was right in treating the case as one in equity. The prime facts underlying this cause of action are these: Plaintiff was indebted to the bank upon certain notes, and defendant, O. G. Bantley, was surety thereon. To indemnify Bantley, plaintiff gave him a chattel mortgage. Default was made in payment of the notes, and Bantley took possession of the goods under the mortgage, but refused to sell the goods as provided in the mortgage, and did not pay the notes. When Bantley converted the goods to his own use, as the court rightly found that he did, he became liable for the actual value of the goods, and the plaintiff then had the right, in order that he might be fully protected, to require an accounting and to ascertain the amount due on the notes, and have them paid out of the value of the goods and then the surplus paid over to him; or, if not sufficient to pay the notes, to have the defendant apply the value of the goods to reduce the debt. This was what plaintiff attempted to do in this case, and what the court attempted to accomplish by its judgment, but to do this effectually would require that all the parties in interest be made parties to the suit, so that the judgment, when entered, would be binding on all.

The plaintiff should have requested the bank, who was then the holder of the notes, to join with him in this action as plaintiff, and had it refused to do so, he should have made the bank a party defendant, as provided by statute. [R. S. 1899, sec. 544; McNear v. Williamson, 166 Mo. 358, 66 S. W. 160.]

The evidence in this case raises some doubt as to whether the notes to the bank have been paid, or are now the property of Roland. On a re-trial of the case, plaintiff should either pay these notes and amend his petition accordingly, or, at least, amend so as to bring in the supposed owner of the notes, so the whole matter can be adjudicated.

For the errors noted, the judgment will be reversed and the cause remanded. *Gray, J.*, concurs. *Nixon, P. J.*, having been of counsel, not sitting.